## Shinkle's Estate, et al. v. Kenton County Board of Supervisors, et al.

(Decided October 12, 1926.)

### Appeal from Kenton Circuit Court (Common Law and Equity Division).

1. **Taxation.**—Legislature may tax property of corporation at its fair cash value, including its franchise, and at same time tax stockholders on shares of stock held by them, without violating provisions of state or federal Constitution.

2. **Taxation.**—Under Acts 1924, c. 116, 2, stock of bridge corporation having less than 49 per cent of its property situated in Kentucky held taxable in the hands of stockholders.

S. D. ROUSE for appellants.

RODNEY G. BRYSON for appellees.

OPINION OF THE COURT BY JUDGE SAMPSON—Affirming.

The estate of Bradford Shinkle is the owner of 1,490 shares of the capital stock of the Covington & Cincinnati Bridge Company of the alleged par value of $135.00 per share. This stock was listed by the tax commissioner of Kenton county and the board of supervisors against the Shinkle estate for taxation as of July 1st, 1924, whereupon the Shinkle estate prosecuted an appeal from the finding of the board of supervisors to the Kenton quarterly court, where a trial was had, resulting in a judgment sustaining the board of supervisors. Again, the estate appealed to the Kenton circuit court, where the case was heard and judgment entered as in the quarterly court, and dismissing the appeal. From that judgment this appeal is prosecuted.

It is the contention of the Shinkle estate that inasmuch as all the property, both tangible and intangible, of the corporation, Covington and Cincinnati Bridge Company, subject to taxation in Kentucky has been listed for taxation in Kenton county as of July 1st, 1924, the capital stock of the corporation owned by individuals such as the Shinkle estate should not be listed, for that would amount to double taxation. The several contentions of the Shinkle estate are set forth in its brief as follows:

"First: The Covington and Cincinnati Bridge Company is assessed with and chargeable with and pays and will pay taxes to the state of Kentucky and Kenton county upon one hundred per cent (100%) of its total property, both tangible and franchise, owned under its charter granted by the state of Kentucky, and the assessment herein complained of is contrary to and in violation of section 3, chapter 116, page 406, at session of 1924;

"Second: Because the assessment of the shares of stock in the Covington and Cincinnati Bridge Company in the hands of appellant to the extent of

the assessment made on the property of the bridge company is double taxation and is a discrimination against appellant and contrary to the Constitution of Kentucky, a taking of property without the process of law and a violation of the provisions of the Constitution of the United States; and

"Third: Because the assessment of the shares of stock of the said bridge company in the hands of the appellant is double taxation in that under the statutes of the state of Kentucky, the value of said shares is and was taken into account and embodied in the assessment of the franchise of said bridge company for taxes for the year 1925, and said franchise assessment is and was made with regard to and was made upon the value of said stock in the hands of the owners thereof and said assessment is a discrimination against the owners of said stock in violation of the statutes and Constitution of the state of Kentucky and of the United States and is, therefore, void."

The Covington and Cincinnati Bridge Company was incorporated by an act of the General Assembly of the Commonwealth of Kentucky in 1846. The General Assembly of the state of Ohio, in March, 1849, concurred in the act incorporating the bridge company. Since that time several amendatory acts have been passed by the General Assembly of each of the two states relative to the bridge company. Notwithstanding this, only one corporation seems to have been contemplated and organized, and stock was issued in the Covington and Cincinnati Bridge Company, a Kentucky corporation, and some of the stock became the property of Bradford Shinkle in his lifetime, and is now the basis of this litigation.

Apparently it is conceded that 48 1/5th per cent of all of the property of the bridge company is situated in Kentucky, while 51 4/5ths per cent of its property is located in the state of Ohio. By an act of 1906, section 4088, Kentucky Statutes, 1915 edition, it is provided: "The individual stockholders of a corporation, which are, by this article, required to report and pay taxes upon a corporate franchise, shall not be required to list their shares of stock in such companies so long as the corporation pays the taxes on the corporate property and franchise, as herein provided."

That act was amended in 1917 so as to read:

"The individual stockholders of a corporation, at least one-fourth of whose total property is taxable in Kentucky, shall not be required to list their shares for taxation so long as the corporation pays taxes on all its property in Kentucky, etc."

In 1924 the General Assembly amended the act so as to provide:

"The individual stockholders of a corporation, at least seventy-five (75%) per cent of whose total property is taxable in Kentucky, shall not be required to list their shares for taxation so long as the corporation pays taxes on all its property in Kentucky, etc."

It seems to be well settled that it is within the legislative power to tax the property of a corporation at its fair cash value, including its franchise, and at the same time require the stockholders to list and pay taxes upon the shares of stock held by them without violating any of the provisions of our Constitution or of the federal Constitution. Franklin County v. Bank of Frankfort, 87 Ky. 370; McElroy, Sheriff v. Walsh's Trustee, 133 Ky. 113. In the last case above cited the court observed: "While it is true the state may have taxed the franchise, which includes the capital of the corporation, and taxed also the shareholder upon his shares, it has not done so." The principle was well expressed by the Supreme Court of the United States in New Orleans v. Houston, 119 U. S. 265, where it was said:

"It is well settled by the decisions of this court that the property of shareholders in their shares, and the property of the corporation in its capital stock, are distinct property interests, and, where that is the legislative intent clearly expressed, that both may be taxed."

See also Tennessee v. Whitworth, 117 U. S. 129; Bank of Commerce v. Tennessee, 161 U. S. 134; Cooley on Taxation, vol. 1, section 246.

If appellant's insistence that two corporations, one in Kentucky and the other in Ohio, jointly owned the bridge and bridge property and that the Kentucky corporation owns the end of the bridge next to the south

side, and that it has listed that property at its fair cash value for purposes of taxation as of July 1st, 1924, is fallacious and contrary to the real facts and the bridge is owned by one corporation, a part of the stock of which is held by the estate of Bradford Shinkle, then there is nothing in any of appellant's contentions, for it is conceded by appellants that if less than seventy-five (75%) per cent of the property of the corporation is located within the Commonwealth, then the stockholders· may be required to list their shares of stock for taxation and to pay taxes thereon in accordance with the act of 1924, *supra.* Clearly the Kentucky corporation, the Covington and Cincinnati Bridge Company, which owns the entire bridge and its properties located partly in Kentucky and partly in Ohio, has much less than seventy-five (75%) per cent of its property in Kentucky, as the record shows, there being more than fifty-one (51%) per cent thereof in the state of Ohio. That being true the shareholders of that corporation who live in Kentucky are required by the act of 1924 to list their shares of stock with the tax commissioner as of July 1st for the purpose of taxation and to pay the taxes thereon when the same become due. Both the Kenton quarterly court and the Kenton circuit court so adjudged, and we find no reason for disturbing their finding.

Judgment affirmed.