## Siler v. Board of Supervisors of Whitley County.

(Decided May 31, 1927.)

### Appeal from Whitley Circuit Court.

1. Taxation.—Allegation that supervisors could not assess shares of stock at actual value because uniform valuation of property in county for year did not exceed 70 per cent. of actual value held insufficient to afford relief, in view of Constitution, section 171, as amended in 1915, and Ky. Stats., section 4019a-10, placing intangible personal property in one class for purpose of taxation, and since relief can only be afforded where undervaluation has been continuous and uniform, showing understanding that it would be permitted.

2. Taxation.—Though taxpayer may have relief from unlawful discrimination when property is assessed at higher valuation than other property of same class, such relief cannot be had without showing that discrimination was tantamount to intentional discrimination on part of taxing authorities.

3. Taxation.—Where 50 per cent. of corporation's property is outside state, owner of stock must list shares for taxation, in view of Ky. Stats., section 4088, requiring assessment of shares by corporation stockholders, unless 75 per cent. of corporation's property is within state.

4. Constitutional Law.—Ky. Stats. section 4088, requiring assessment by individuals owning shares of stock in corporation unless at least 75 per cent. of corporation's property is within state, held valid, not being violation of Fourteenth Amendment to federal Constitution.

5. Constitutional Law.—There is nothing in Fourteenth Amendment to federal Constitution that forbids states from enacting laws providing for double taxation so long as laws bear uniformly on all property within particular class and do not discriminate between taxpayers.

6. Taxation.—It is not double taxation to require assessment of property of corporation as corporate entity, and also require assessment of shares of stock of corporation in hands of individual holders.

TYE, SILER, GILLIS & SILER for appellant.

W. B. EARLY for appellee.

OPINION OF THE COURT BY JUDGE LOGAN—Affirming in part and reversing in part.

A. T. Siler, feeling himself aggrieved by the action of the board of supervisors of Whitley county, appealed to the quarterly court for relief as is provided by section 4128, Ky. Stats. The quarterly court decided against him and he appealed to the circuit court where the raise made by the supervisors was eliminated, but the court decided against him on his contention that the stock in the Jellico Grocery Company should not be assessed at all. Both parties appeal.

The Attorney General makes some question about the correctness of his steps seeking to obtain relief, but we think we may well waive any irregularity, if there was any.

Siler bases his complaint on these facts: On the 1st day of July, 1925, he owned 400 shares of the capital stock of the Jellico Grocery Company of the par value of $100 per share, and the fair cash value of $100 per share.

He assessed this stock for $28,000, or on a basis of 70 per cent. of its actual value. On the same date he owned 110 shares of the capital stock of the Kingsport Grocery Company of the par value of $100 per share, and of the fair cash value of $100 per share. He listed this stock at $7,700. The board of supervisors of Whitley county increased his assessment to $40,000 on the Jellico Grocery Company stock, and to $11,000 on the Kingsport Grocery Company stock. He alleges that the supervisors could not legally do this because ''the uniform valuation of property in Whitley county for district, county, and state taxation for the year 1926, was not in excess of a sum equal to 70 per centum of its value, and hence plaintiff's property for taxation for the year 1926 should be valued at not exceeding 70 per centum of its actual value estimated at the price it would bring at a fair voluntary sale.'' This allegation is not sufficient to afford appellant any relief.

In 1915, section 171 of the Constitution was amended so that the Legislature might classify property for taxation and determine what class or classes of property should be subject to local taxation. Pursuant to the authority granted by this constitutional amendment the General Assembly at its extraordinary session in 1917 enacted section 4019a-10, Ky. Stats., placing intangible personal property, including shares of stock, in one particular class, and imposing a tax rate on that particular class of property different from the tax rate on other classes of property, and at the same time exempted such property from local taxation. Certainly if appellant desired to approach a reason for being relieved from the increase made by the supervisors, it would have been necessary for him to have alleged the undervaluation of the particular class of property to which that owned by him belonged. Neither could he have sustained his contention by alleging that such property was undervalued in Whitley county, as such property is subject to assessment and taxation for state purposes, only, and the undervaluation of the property in one county of the state would not destroy the fair and uniform assessment of such property throughout the state. Moreover, the mere allegation that a certain class of property is not assessed at its full value, while the property of the individual taxpayer belonging to such class is assessed at its full value, is not sufficient to warrant a hearing on such allegation.

The work done by the officers selected, and through the machinery provided by the General Assembly, cannot be so easily set aside. Relief can only be afforded in such cases where the undervaluation has been so continuous, persistent, and uniform from time to time as to show that there was some scheme or understanding among those whose duty it was to assess property that such undervaluation would be permitted.

We realize that a case of unlawful discrimination may be made out in a proper state of case and that a taxpayer may have relief when his property has been assessed at a higher valuation than other property of the same class, but such relief cannot be had if his property was overvalued by mere chance or without his showing that there had been such discrimination against him as was tantamount to an intentional discrimination on the part of the taxing authorities. The case of Eminence Distillery Company v. Henry County Board of Supervisors, 178 Ky. 811, 200 S. W. 347, does not support the contention of appellant. That case was rested on the well-established doctrine that, where there is a uniform rate of taxation on all classes of property, and the property, is generally, habitually, and uniformly undervalued for taxation purposes, one who is discriminated against by reason of valuation of his property above the general average may have relief. The lower court should have sustained the general demurrer to the second paragraph of appellant's petition.

In the third paragraph of appellant's petition he sought to escape taxation on the 110 shares of the capital stock of the Jellico Grocery Company on the ground that 50 per cent. of its property was located in Kentucky and assessed for taxation in this state, and that it would be to require him to pay double taxes if his stock in said company should be assessed for taxation.

Section 4088, Ky. Stats., requires the assessment of shares by individuals owning shares of stock in a corporation unless at least 75 per cent. of the property of such corporation is in Kentucky. If the Jellico Grocery Company does not assess more than 50 per cent. of its property in Kentucky, the individual shareholders in Kentucky must list their shares of stock, unless said section of the statute violates the state or federal Constitution.

We know of no provisions in either the state or federal Constitution which would prevent the General As-

sembly from requiring the assessment of all property belonging to a corporation in this state for taxation and the shares of stock that are owned by individuals. It is true that in the case of McElroy v. Walsh's Trustee, 133 Ky. 103, 106 S. W. 240, 117 S. W. 398, this court said that it closely approached double taxation to require the assessment of the property of the corporation and also the assessment of its shares, but that opinion indicates that the General Assembly might provide for the assessment and taxation of both the property of the corporation and the shares of stock of the corporation in the hands of individual stockholders. In that case the court cited the case of Farrington v. Tennessee, 95 U. S. 679, 24 L. Ed. 558, wherein the Supreme Court of the United States held that the capital stock and the shares may both be taxed and it is not double taxation. This court, as well as the Supreme Court of the United States, has made a clear distinction between the capital stock of a corporation and the shares of capital stock in the hands of individual holders. The General Assembly, in exempting the shares of stock from taxation in a corporation assessing 75 per cent. of its total property in this state, did nothing more than it had authority to do in the classification of property for taxation under the aforesaid amendment to the state Constitution.

The Fourteenth Amendment to the federal Constitution is not a protection in all cases against unwise state legislation. It imposes no fixed rule of taxation upon the states. It protects against such discrimination as amounts to a denial of the equal protection of the law or a deprivation of property without due process of law. There is nothing in that amendment that forbids states enacting laws providing for double taxation so long as the law bears uniformly on all property within the particular class and do not discriminate against one taxpayer in favor of another. It is not double taxation, however, in our judgment, to require the assessment of the property of a corporation as a corporate entity and also require the assessment of the shares of stock of the corporation in the hands of individual holders. It is insisted by counsel for appellant that it is a discrimination to require the assessment of shares of stock in the hands of individual holders if the corporation owns less than 75 per cent. of its total property in Kentucky, and exempt the shares of stock in a corporation held by indi-

viduals where the corporation owns 75 per cent. or more of its total property in this state. The General Assembly enacted section 4019a-9 Ky. Stats., imposing what is known as the mortgage recording tax. This tax is imposed on mortgage indebtedness running five years or longer, but the tax is not imposed if the mortgage indebtedness runs less than five years. This court upheld that statute, and said there was no discrimination, as the General Assembly had the power to impose the mortgage recording tax on indebtedness running for five years or longer, and to exempt from the tax all indebtedness running for less than five years. Middendorf, Clerk, etc., v, Goodale et al., Trustee, 202 Ky. 118, 259 S. W. 59; Louisville Gas & Electric Co. v. Shanks, 213 Ky. 762, 281 S. W. 1017. The state of Missouri enacted a statute making a distinction in the taxation of express companies owning their own facilities for taking express and those engaging for hire such facilities. The Supreme Court of the United States held that this Missouri statute did not violate the Fourteenth Amendment to the Constitution of the United States. Pacific Express Company v. Seibert, 142 U. S. 339, 12 S. Ct. 250, 35 L. Ed. 1035.

The state of West Virginia enacted a law providing for a forfeiture of lands to the state where the owners failed for five consecutive years to place such lands on proper land books for taxation. Under the provisions of the act, tracts of less than 1,000 acres were not subject to forfeiture. In the case of King v. Mullins, 171 U. S. 404, 435, 18 S. Ct. 925, 43 L. Ed. 214, the Supreme Court held that the discrimination as to the larger tracts did not deny the owners the equal protection of the law guaranteed by the Fourteenth Amendment to the federal Constitution.

The state of Michigan enacted a law imposing an ad valorem tax upon the property of telephone companies, but exempting from taxation the property of telephone companies, the gross receipts of which did not exceed $500. The Supreme Court held that the statute did not violate the Fourteenth Amendment to the Constitution of the United States. Citizens' Telephone Company v. Fuller, 229 U. S. 322, 33 S. Ct. 833, 57 L. Ed. 1206.

The state of New York enacted a law regulating the heating of passenger cars, but exempting such cars on railroads less than 50 miles in length. In the case of N. Y., N. H. & H. Ry. Co. v. New York, 165 U. S. 628, 17 S.

Ct. 418, 41 L. Ed. 853, the Supreme Court held that this statute was not repugnant to the Fourteenth Amendment because it was uniform in its operation upon all railroad companies doing business in the state of the class to which it was made applicable.

The case of Magoun v. Ill. Trust & Savings Bank, 170 U. S. 283, 18 S. Ct. 594, 42 L. Ed. 1037, is one shedding much light on the application of the Fourteenth Amendment to the federal Constitution to questions of discrimination in the taxation of property. The Supreme Court reached the conclusion in that case that there is no precise application of the rule of reasonableness of classification, and that the rule of equality allows many practicable inequalities. It was held that in a classification for governmental purposes there cannot be an exact exclusion or inclusion of persons and things.

After a careful consideration of the facts alleged in appellant's petition and the law applicable thereto, we have reached the conclusion that the action of the board of supervisors was correct, and that appellant was entitled to no relief from the assessment thus imposed upon him. The lower court rightly held that the shares of stock in the Jellico Grocery Company were subject to taxation (Shinkle's Estate v. Kenton County Board of Supervisors, 216 Ky. 59, 287 S. W. 209); he wrongfully held that these shares, as well as the other shares, should not stand the increased assessment imposed by the board of supervisors.

The judgment is affirmed on the appeal and reversed on the cross-appeal, and the cause remanded for proceedings consistent with this opinion.