**KENTUCKY FINANCE COMPANY, Inc., a Kentucky Corporation, Appellant,**

v.

**John W. McCORD, Fayette County Tax Commissioner, et al., Appellees.**

Court of Appeals of Kentucky.

May 11, 1956.

James Park, Frank G. Trimble, Lexington, for appellant.

Charles Wylie, Lexington, Wm. S. Riley, Dept. of Revenue, Frankfort, for appellees.

CULLEN, Commissioner.

The question is whether a taxpayer, whose intangible personal property has been assessed for ad valorem taxation at 100 percent of fair cash value, whereas the real estate of all taxpayers in his county has been assessed at not exceeding 29.7 percent of fair cash value, is entitled to relief in the form of a reduction of the assessment of his intangible personalty to the level of the assessment of the real estate.

According to a stipulation of the facts, certain intangible personalty of the Kentucky Finance Company was assessed as of January 1, 1953, at 100 percent of fair cash value, by the tax commissioner of Fayette County. Real estate in Fayette County was assessed, as of the same assessment date, at not exceeding 29.7 percent of fair cash value. In successive appeals from the tax commissioner to the

county board of supervisors, thence to the State Tax Commission, and thence to the Fayette Circuit Court, the finance company failed in its contention that the assessment of the intangibles should be reduced to the level of the real estate assessments. The appeal here is from the judgment of the Fayette Circuit Court, upholding the original assessment.

A proper understanding of the question requires a recognition of the situation that exists, under the revenue statutes, with respect to property tax liability and tax rates. Intangible personalty is subject to state tax only, at the rate of 25 cents per hundred dollars of valuation. KRS 132.-020 and 132.200. Real estate and most tangible personalty are subject both to a state tax and to local taxes. KRS 132.200. There is no distinction in local tax rates as between real estate and tangible personalty, but the state tax on real estate is only 5 cents per hundred while the state tax on tangible personalty is 50 cents per hundred. KRS 132.020.

The exemption of intangibles from local taxation, and the fixing of different rates of state tax upon the three classes of property hereinbefore mentioned, was authorized initially by the 1915 amendment to Section 171 of the Kentucky Constitution. Prior to the amendment, Section 171 required that taxes be uniform upon all property subject to taxation within the territorial limits of the authority levying the tax, and there was no authority to exempt any class of property from local taxation or to fix different rates of tax on different classes of property.

Section 172 of the Kentucky Constitution (which continues today in its original form), requires that all property subject to taxation be assessed at its fair cash value.

The contention of the appellant is that, although the 1915 amendment to Section 171 of the Constitution permits classification of property for purposes of exemptions and tax rates, Section 172 prohibits classification as concerns assessment valuations, and therefore a substantial underassessment of one class of property constitutes an unconstitutional discrimination against the holders of another class of property. We think the answer to this contention is to be found in a consideration of the original purpose of Sections 171 and 172.

It is quite apparent that the original purpose of Sections 171 and 172 was to achieve equality in the burden of taxation. As pointed out by Mr. Justice Pitney in Greene v. Louisville & I. R. Co., 244 U.S. 499, 37 S.Ct. 673, 61 L.Ed. 1280, this equality of burden could not exist without uniformity in the mode of assessment as well as in the rate of taxation. Accordingly, Section 171 required uniformity of rate, and Section 172 required uniformity of assessment.

In the Greene case, and in Eminence Distillery Co. v. Henry County Board of Sup'rs, 178 Ky. 811, 200 S.W. 347, the basis of the decisions directing that the complaining taxpayers' assessments be reduced to the level of assessments of other property was that the complaining taxpayer, by being subjected to a higher assessment, was being required to bear an unequal share of the burden of taxation, and thus was being discriminated against.

As we view it, the 1915 amendment to Section 171 must be considered as an abandonment of the original concept of equality of burden between all classes of property. In its place, the people authorized the legislature to vary the burden between different classes of property, by means of exemptions and rate distinctions. We can find no basis for interpreting Section 172 as still requiring uniformity of assessment *as between classes,* when, in view of the 1915 amendment to Section 171, equality of burden *as between classes* no longer is contemplated.

In the Greene case, 244 U.S. at page 516, 37 S.Ct. at page 680, the Court said:

"* * * the principal if not the sole reason for adopting 'fair cash value' as the standard for valuations is as a convenient means to an end,— the end being equal taxation. But if the standard be systematically departed

from with respect to certain classes of property, while applied as to other property, it does not serve, but frustrates the very object it was designed to accomplish. * * *"

While the foregoing language was designed to show that a difference in assessment valuations defeats the object of equality of tax burden, it has equal force in showing that a difference in tax rates likewise defeats that object. Therefore, when Section 171 was amended to nullify one part of the two-part plan for equality of tax burden, the result necessarily was to nullify the other part also.

The complaint of the appellant that, by reason of the under-assessment of real estate, he as the owner of intangible personalty is being required to bear an unequal share of the burden of taxation, fails of a foundation because, under Section 171 and the implementing statutes, it is not intended that real estate and intangible personalty shall bear an equal burden.

Our decision here is in accord with that in Siler v. Board of Sup'rs, 221 Ky. 100, 298 S.W. 189.

The judgment is affirmed.