## GAAR, SCOTT & COMPANY *v.* SHANNON.

ERROR TO THE COURT OF CIVIL APPEALS FOR THE THIRD
SUPREME JUDICIAL DISTRICT OF THE STATE OF TEXAS.

No. 88. Argued December 11, 1911.—Decided February 19, 1912.

Where the judgment of the state court rests on a matter of general
law strong enough to sustain the judgment, this court cannot con-
sider the Federal question involved; even if it were actually con-
sidered by the state court and determined adversely to plaintiff in
error. *Hale v. Akers*, 152 U. S. 554.

Where a Federal question was properly presented and necessarily con-
trols the determination of the case, this court has jurisdiction even if
the decision is put by the state court upon some matter of local law.
*West Chicago R. R. Co. v. Chicago*, 201 U. S. 506.

Neither a statute imposing a tax, execution thereunder, nor mere de-
mand for payment, constitutes duress; but where the statute con-
tains self-operating provisions by which non-payment of the tax
results in severe penalties and forfeiture of right to do business,
payment by one within the class affected is not voluntary but
compulsory.

While a payment of the tax by one included in the class to which a
statute applies in order to avoid penalties and forfeiture is com-
pulsory, it is not so as to one not included in such class and payment
thereof by such person is voluntary and not under duress.

Where the state court decides that a corporation which claims that it
only does an interstate business but paid a state tax levied only upon
corporations doing an intrastate business made the payment not
under duress, and the record shows that the question was fairly in
the case, the judgment rests upon a ground of general law broad
enough to sustain it.

52 Tex. Civ. App. 644, affirmed.

In this suit against Shannon, Secretary of State for
Texas, for the recovery of taxes paid under protest, the
plaintiff, Gaar, Scott & Company, alleged that it is a cor-
poration chartered by the laws of Indiana, in which State
it has its principal place of business and where it manu-

factures machinery; that in 1901 it paid the amount of franchise tax required of foreign corporations, and obtained from the State of Texas a permit to do business for ten years. This permit, it alleges, was a contract which could not be impaired, but, notwithstanding that fact, the legislature, in 1905, passed an act requiring foreign companies doing business in Texas to pay a still higher franchise tax, measured by their capital and surplus, and provided that if the same was not paid by May 1st a penalty of twenty-five per cent should be added, and if not paid by July 1st the permit to do business in the State should be forfeited "without judicial ascertainment" and the company deprived of the right to sue in the courts. It alleged that the Secretary of State had mailed to the company a circular calling attention to the provisions of the act, and thereupon, and before May 1, 1905, and again before May 1, 1906, under the duress of this statute, the company had paid the tax demanded, under protest and with written notice that it reserved the right to sue for the recovery of the amount exacted by an unconstitutional law.

The petition alleges that plaintiff "*only transacts an interstate business in the State of Texas in the sale of its manufactured products.* That it employs at Dallas and Houston, Texas, agents who solicit and superintend the soliciting of orders for the goods manufactured by it at Richmond, Indiana, . . . and that this applies to all goods sold by your petitioner in the State of Texas, and your petitioner further alleges that it was at the time its permit was granted to it to do business in the State of Texas, . . . and that it now is and has been ever since said permit was granted to it engaged in an interstate commerce business."

The only prayer was for the recovery of the taxes paid for the years 1905 and 1906. The defendant's general demurrer was sustained. 52 Tex. Civ. App. 634.

*Mr. C. E. More,* with whom *Mr. Almon W. Bulkley* and *Mr. J. L. Patterson* were on the brief, for plaintiffs in error.

· *Mr. James D. Walthall,* with· whom *Mr. Jewell P. Lightfoot* was on the brief,· for defendant in error.

MR. JUSTICE LAMAR, after making the foregoing statement, delivered the opinion of the court.

On writ of error to a judgment, sustaining defendant's demurrer to the complaint for the recovery of taxes paid under protest, the Court of Appeals of Texas considered all the assignments of error. It held that the permit of 1901, to do business for ten years, was not a contract and that therefore the State during that period might demand an increased or additional franchise tax. It ruled that foreign corporations might be altogether excluded, or required to pay a discriminatory tax as the condition of the right to do business in Texas. It further held that even if there had been merit in. plaintiff's contention, it was not entitled to recover the taxes for 1905 and 1906, because they had been voluntarily paid.

1. If the record affords a basis for sustaining the last proposition, this court cannot consider whether the act violates the Fourteenth Amendment, or the commerce and· contract clauses of the Constitution. For, as repeatedly ruled, where a state court has decided against the plaintiff in error on a matter of general law broad enough to sustain the judgment, this court will not consider the Federal questions, even though they may have been actually considered and determined adversely to his contention. *Hale* v. *Akers,* 132 U. S. 554, 564. The principle has been enforced in cases where the ruling of the state court was based on the application of the doctrine of *res adjudicata,* laches, statute of limitations, and others

similar in kind to that involving the effect of a voluntary payment. *Northern Pacific R. R. Co.* v. *Ellis,* 144 U. S. 458; *Hale* v. *Lewis,* 181 U. S. 473; *Moran* v. *Horsky,* 178 U. S. 205; *Pierce* v. *Somerset Ry.,* 171 U. S. 641, 648; *Rector* v. *Ashley,* 6 Wall. 142.

It is, however, equally well settled that if the Federal question is properly presented and necessarily controls the determination of the case, the appellate jurisdiction of this court is not defeated because the decision is put upon some matter of local law. *West Chicago R. R. Co.* v. *Chicago,* 201 U. S. 506, 520. And the plaintiff in error insists that, under this rule, the constitutionality of the statute must be decided, because the facts stated in the complaint, and admitted by the demurrer, do not afford any basis for holding that the money was voluntarily paid.

2. Neither a statute imposing a tax, nor the execution thereunder, nor a mere demand for payment, is treated as duress. It does not necessarily follow that there will be a levy on goods. Or, if there is, the citizen, to avoid the consequences of the levy, may pay the money, regain the use of his property and maintain a suit for the recovery of what has been exacted from him. The legal remedy redresses the wrong. But he has the same right to sue if he pays under compulsion of a statute, whose self-executing provisions amount to duress. An act which declares that where the franchise tax is not paid by a given date a penalty of twenty-five per cent shall be incurred, the license of the company shall be cancelled, and the right to sue shall be lost, operates much more as duress, than a levy on a limited amount of property. Payment to avoid such consequences is not voluntary but compulsory, and may be recovered back. *Swift Co.* v. *United States,* 111 U. S. 22, 29; *Robertson* v. *Frank Brothers Co.,* 132 U. S. 17, 23; *Oceanic Navigation Co.* v. *Stranahan,* 214 U. S. 320, 329; *Atchison, Topeka & Santa Fe R. R.*

v. *O'Connor,* decided this day, *ante,* p. 280. Otherwise
plaintiff might be without any remedy whatever. For in
Arkansas Building & Loan Asso. v. Madden, 175 U. S.
269, it was held that a taxpayer was not entitled to an
injunction, against the enforcement of a similar statute of
the State of Texas, unless he could show that there was
no adequate remedy at law. And, as payment under such
an act was treated as compulsory, for which suit might
be maintained, and as there was nothing to indicate in-
ability of complainant to pay, or of the defendant to re-
spond to a judgment, the bill was dismissed without
prejudice. That necessarily recognized that the plaintiff
had the right to pay under protest, sue the officer for the
amount exacted and recover it back in case it should be
made to appear that the statute was void.

3. If, therefore, the plaintiff had been included in the
class to which this statute applied, and, under the duress
of its automatically enforced provisions, had paid the tax
to avoid the disruption of its business, it could have main-
tained an action to recover the amount thus exacted. In
that suit it would have been entitled to a decision on the
question as to whether the statute was constitutional, and
to a review of the judgment if it had been adverse to the
company's contention. But the company did not, in any
sense, come within the purview of the act. The plaintiff
alleged that it was engaged only in interstate commerce.
If so, the statute did not require from it the payment of
the tax. For the Supreme Court of Texas in *Allen* v.
*Tyson-Jones Buggy Co.,* 91 Texas, 22, and *Miller* v. *Good-
man,* 91 Texas, 41, had held that the franchise tax act had
no application to corporations doing an interstate business.
The duress of its provisions, therefore, operated only on
those doing intrastate business; and if the plaintiff, on a
mere demand, paid the tax imposed by a statute, appli-
cable only to other corporations, it had no more right to
recover than would a drygoods merchant who voluntarily

paid a tax illegally imposed on those engaged in the selling of liquor.

To permit those not affected by a statute to pay the sum thereby assessed, and then sue for its recovery on the ground that the act was void, would reverse the rule that "one who would strike down a State statute as violative of the Federal Constitution must bring himself by proper averments and showing within the class as to whom the act thus attacked is unconstitutional. He must show that the alleged unconstitutional feature of the law injures him, and so operates as to deprive him of rights protected by the Federal Constitution." *Southern Railway Co.* v. *King,* 217 U. S. 524, 534.

What we have said shows that the question as to voluntary payment fairly arose out of the record, and was not arbitrarily injected into the case. *Leathe* v. *Thomas,* 207 U. S. 93, 99. A decision on that non-federal point could properly dispose of the plaintiff's suit to recover back what it had paid. The judgment of the Civil Court of Appeals must, therefore, be

*Affirmed.*