Affirming.
By this appeal appellant attacks section 4019a-9, Kentucky Statutes, as being in violation of the Fourteenth Amendment of the Constitution of the United States, and of section 3 of the Bill of Rights, and sections 170 and 171 of the Constitution of Kentucky. The statute in question provides that for the privilege of recording mortgages when the indebtedness so secured does not mature within five years, a tax of 20 cents upon each $100.00 or fractional part thereof of such indebtedness shall be paid, exempting from its operation mortgages to building and loan associations. The case of Middendorf, Clerk, etc. v. Goodale, et al., Trustee, 202 Ky. 118, presented to this court the exact questions here raised. There the statute in question was attacked from the same positions taken by appellant here. The Middendorf case was orally argued to and was considered by the whole court. The opinion deals exhaustively with all the questions raised by appellant as affecting the validity and constitutionality of the statute in question. The conclusion of this court that the statute in question does not contravene any of the provisions of either the federal or *Page 763 
state Constitutions was reached after giving full weight to all of the arguments now made by appellant, and after deliberate, consideration of the questions involved. That opinion expresses this court's views upon all of them fully and clearly. Repetition is not deemed to be necessary.
The trial court sustained a demurrer to the petition of appellant which sought to compel the auditor to issue his warrant in its favor for $35,610.00, that being the amount of the privilege tax paid by it under protest when it had a deed of trust recorded, which it sought to recover herein upon the ground that the statute, supra, is unconstitutional and void. Entertaining the same views with respect to the validity and constitutionality of the mortgage recording tax statute that were set forth in the Middendorf case, supra, we conclude that the trial court properly sustained the demurrer. The judgment herein, therefore, will be affirmed.
Judgment affirmed.