## Nuetzel, County Clerk v. Southern Bell Telephone & Telegraph Company.

### (Decided June 21, 1927.)

### Appeal from Jefferson Circuit Court (Chancery Branch, First Division).

1. Courts.—Opinions of state Court of Appeals, upholding validity of statute and tax imposed thereby, held final, so long as undisturbed by United States Supreme Court, to which question of violation of federal Constitution was taken.

2. Taxation.—Mortgage recording tax, imposed by Ky. Stats., section 4019a-9, is required to be paid only once, when mortgage is lodged

for record, though lien created, or obligation secured, by mortgage passes from original beneficiary or obligor by assignment.

3. Taxation.—Telephone and telegraph company, to which another such company conveyed all its properties by deed, under which grantee assumed payment of outstanding bonds secured by mortgage on such properties, held entitled to record deed without paying tax imposed by Ky. Stats., section 4019a-9; such deed being mere assignment of obligation to pay mortgage debts.

4. Mortgages.—Assignee of obligation to pay mortgage debt, or one assuming its payment, acquires no protection, so far as lien is concerned, by record of instrument by which he assumed obligation, as does assignee of lien under Ky. Stats., section 498a.

T. M. GALPHIN, JR., and J. MATT CHILTON for appellant.

TRABUE, DOOLAN, HELM & HELM for appellee.

OPINION OF THE COURT BY COMMISSIONER SANDIDGE—
Affirming.

On June 30, 1926, the Cumberland Telephone & Telegraph Company, hereinafter to be referred to as the Cumberland, conveyed all of its properties to the Southern Bell Telephone & Telegraph Company, which will be hereinafter spoken of as the Southern Bell. At the time the Cumberland had bonds outstanding to the amount of approximately $15,000,000, which were secured by mortgage on the properties conveyed. By the terms of the deed of conveyance the Southern Bell assumed the payment of these bonds. When the latter company presented the deed to the clerk of the Jefferson county court to be recorded, he declined to do so until the mortgage recording tax, under the provisions of section 4019a-9, Kentucky Statutes, was paid. The Southern Bell insisted that under the facts no mortgage recording tax was due, and the parties thereupon instituted this proceeding in the Jefferson circuit court, under the provisions of our Declaratory Judgment Law, for a settlement of the controversy. The chancellor of the first division of the chancery branch of the circuit court to whom the case was assigned, concluded and adjudged that no mortgage recording tax was due, and that the Southern Bell was entitled to have its deed recorded without the payment of such taxes. The county clerk has appealed.

The facts are agreed, and briefly stated are these: The Cumberland conveyed all of its properties to the Southern Bell, situated in the states of Kentucky, Tennessee, Mississippi, and Louisiana. Prior to the execution of the deed the Cumberland had executed and de-

livered mortgages to trustees putting these properties in lien to secure the payment of bond issues to the total amount of $15,762,700. By the deed the Southern Bell assumed the payment of these bonds. By the deed no lien was retained upon the properties conveyed by the Cumberland to the Southern Bell for any purpose. The question is whether under the statute in this state of facts the Southern Bell must pay a mortgage recording tax, and, if so, how much before it may have its deed recorded.

By section 4019a-9, it is provided that a tax of 20 cents is imposed upon each $100 or fraction thereof of indebtedness which is, or may be, in any contingency secured by any mortgage of property in this state where the indebtedness does not mature within five years. It may be further stated by way of explanation that the bonds here involved mature more than five years after the date of the deed. The statute defines the word "mortgage" thus:

> "The word 'mortgage' as used in this section shall include any instrument creating or evidencing a lien of any kind upon property given or taken as security for debt and shall include vendor's liens and executory contracts for the sale of property under which the vendee is entitled to the possession thereof."

In Middendorf v. Goodale, 202 Ky. 118, 259 S. W. 59, and Louisville Gas & Electric Co. v. Shanks, Auditor, 213 Ky. 762, 281 S. W. 1017, the validity of this statute and the tax imposed was upheld by this court. In the latter case the mortgagee has taken to the Supreme Court of the United States the federal question involved under which the statute and tax imposed were attacked as being in violation of certain sections of the Constitution of the United States. The question has not been finally determined by that court, and we regard the questions settled by our opinions, supra, as final so long as our conclusions are not disturbed by the higher tribunal.

In the Middendorf case the right of the Legislature to impose this tax was sustained upon this ground as expressed by the opinion of the court:

> "Our consideration of section 4019a-9, Kentucky Statutes, has brought us to the conclusion that the tax imposed by it is a privilege tax; that is, a tax imposed upon the privilege of recording mortgages and instruments creating like liens, the payment of

which is entirely optional with the owners or holders thereof.    The owner or holder of the mortgage may, or may not, have it recorded; but if he puts it to record he must pay the recording tax imposed by the statute.    If it is not recorded, he will not be required to pay the tax.    His failure to record the mortgage and pay the tax will neither invalidate the mortgage nor prevent its enforcement by him as against the mortgagor and all others, except purchasers, without notice, and creditors; but to make its validity invulnerable to attack from such purchasers and creditors, he must have it recorded as required by section 496, Ky. Statutes, which provides:

" 'No deed, deed of trust or mortgage, shall be valid against a purchaser for a valuable consideration, without notice thereof, or against creditors, until such deed or mortgage shall be acknowledged or proved according to law and lodged for record.'"

"The mortgage when recorded gives notice, beginning with the date it was lodged for record, to the world of its existence and contents.    It is, however, the privilege of the owner of the mortgage either to have it recorded and thereby secure the full protection of his rights thereunder, as contemplated by section 496, of the statute, supra, or to decline to record it and thereby assume such risks as might result in injury to his rights.    But if his exercise of this option results in the recording of the mortgage, the tax imposed by the statute for this privilege, which is twenty cents on each one hundred dollars of indebtedness secured by the mortgage, must be paid when the mortgage is lodged or filed for record, to the clerk of the county court in whose office it is to be recorded.

"Another distinguishing feature of the mortgage recording tax is, that it is required to be paid but once; that is, when the mortgage is lodged for record; and this is so whether the ownership of the mortgage be retained by the mortgagee or other beneficiary named therein, or shall pass by assignment to another."

That opinion and that in the Shanks case, supra, following it, were written with reference to cases in which mortgage liens were created in favor of mortgagees by mortgages within the ordinary acceptation of that term.    From the definition of the word "mortgage," as

used in the mortgage recording tax statute, supra, it is to be observed that the Legislature provided that the word also "shall include vendor's liens and executory contracts for the sale of property under which the vendee is entitled to the possession thereof."

The validity of the statute imposing the tax, in so far as it relates to cases where by the instrument creating it the mortgagee acquires a lien, was upheld upon the sole ground that, for benefits accruing to him by protecting himself against claims of purchasers without notice from and creditors of the mortgagor, the mortgagee might be required to pay a tax for the privilege of using the vehicle of such protection; that is, recording of the instrument evidencing his lien and the statutory protection thereby afforded. The only ground upon which the validity of the tax statute was upheld would seem to be removed when we go into that feature of the statute which undertakes to define as a mortgage and to impose the same tax in cases where a vendor's lien is retained in a deed or executory contract for the sale of land which must be recorded by the vendee. There is no lien in that state of case created in favor of the vendee. He would seem to derive no benefit whatever by way of protection of a lien in his favor from the recording of the deed. The statute does not attempt to impose a tax upon recording deeds. The grantor in a deed or an executory contract is not impelled by any benefit that may accrue to him to furnish to the grantee the funds with which to pay the tax imposed. The title of record is in him to his complete protection. With reference to this class of liens created in good faith it would seem to be difficult to uphold the mortgage recording tax statute upon the ground upon which it was upheld as applied to mortgages creating a lien in favor of the mortgagee. The case we have, however, does not reach that question, since the deed in question does not by its terms reserve in favor of the grantor a lien upon the property conveyed for any of the unpaid purchase price. It merely creates a situation under which, in the event, when the bonds fall due, payment of which the Southern Bell assumed, they are not paid, and the bondholders should proceed against and collect from the Cumberland alone the amount due on them, equity would interpose and grant to the Cumberland a lien upon the properties conveyed by it to the Southern Bell to enforce in favor of the former against the latter recovery over on the latter's obligation to pay these bonds.

As was said in the Middendorf opinion, supra:

> "Another distinguishing feature of the mortgage recording tax is, that it is required to be paid but once; that is, when the mortgage is lodged for record; and this is so whether the ownership of the mortgage be retained by the mortgagee or other beneficiary named therein, or shall pass by assignment to another."

The deed now before us is in effect a mere assignment of the obligation to pay the debts, secured by mortgage lien, from one obligee to another. The bondholders who are the beneficiaries of the mortgage lien upon the properties involved still have exactly the same lien upon those properties to secure the payment of their bonds that they had before the deed in question was executed. The mortgage recording tax, imposed by the statute, supra, upon the privilege of protecting themselves against the claims of purchasers without notice and creditors of their mortgagor by recording their mortgage, has been paid; or, if the mortgage was recorded prior to the time when the tax, under the statute, supra, was imposed, they are in the same position as if it had been paid. No new lien was created by the deed when the Southern Bell agreed as between it and the Cumberland that it would pay these outstanding bonds when they fall due. If, as was said in the Middendorf case, supra, in support of the ground upon which the validity of the tax imposed by the statute was upheld, that it is due but once, though the lien created by the mortgage passes from its original beneficiary to another by assignment, there is much more reason for the view that the tax is due but once, though the obligation to pay the debt secured by the lien pass by assignment from the original obligor to another. Section 498a, Kentucky Statutes, expressly provides for recording of assignments of liens to the protection of the assignee. The assignee of an obligation to pay a debt secured by mortgage, or the one who assumes its payment, acquires no protection so far as the lien is concerned by record of the instrument by which he assumed the obligation.

For these reasons the court concludes that the Southern Bell may have its deed recorded without paying a mortgage recording tax.

The judgment, therefore, will be affirmed.