## Coleman, State Auditor of Public Accounts, v. Consolidated Realty Company.

(Decided June 19, 1931.)

J. W. CAMMACK, Attorney General, and CLIFFORD E. SMITH, Assistant Attorney General, for appellant.

DAVID R. CASTLEMAN for appellee.

OPINION OF THE COURT BY JUDGE REES—Affirming.

This is a suit under section 162, Kentucky Statutes, for refund of taxes paid by appellee under section 4019a-9, Kentucky Statutes, known as the Mortgage Recording Tax Act, which was declared unconstitutional by the Supreme Court of the United States, as violative of the equal protection clause of the Fourteenth Amendment to the federal Constitution, in Louisville Gas & Electric Co. v. Coleman, Auditor, 277 U. S. 32, 48 S. Ct. 423, 426, 72 L. Ed. 770. The act had been declared constitutional by this court in Middendorf v. Goodale, 202 Ky. 118, 259 S. W. 59, and Louisville Gas & Electric Co. v. Shanks, Auditor, 213 Ky. 762, 281 S. W. 1017. In a number of cases decided prior to 1920, it was held that taxes voluntarily paid could not be recovered under section 162 of the Kentucky Statutes. In Craig, Auditor, v. Security Producing & Refining Co., 189 Ky. 565, 225 S. W. 729, decided in 1920, it was held that money paid into the state treasury as taxes when none were due could be recovered, though the money was voluntarily paid. Prior decisions to the contrary were overruled. The Security Producing & Refining Company case was followed by Craig v. Frankfort Distilling Co., 189 Ky. 616, 225 S. W. 731; Craig, Auditor, v. Renaker, 201 Ky. 576, 257 S. W. 1018; and Greene, Auditor, v. Frankfort Distillery Co., 209 Ky. 427, 273 S. W. 28.

In Coleman, Auditor, v. Inland Gas Corporation, 231 Ky. 637, 21 S. W. (2d) 1030, the Security Producing & Refining Company case and the cases following it were overruled, and the rule in effect prior to 1920 was readopted, and it was held that taxes voluntarily paid could not be recovered. The Inland Gas Corporation case involved the recovery of taxes paid under the Mortgage Recording Tax Act declared unconstitutional by the Supreme Court in the Louisville Gas & Electric Company case, and it was held in the Inland Gas Corporation case that the tax was voluntarily paid.

In the instant case it is contended that (1) the refusal to grant appellee a refund for the reasons stated in the Inland Gas Corporation case would contravene its right to equal protection of the law and deprive it of its property without due process of law in violation of the Fourteenth Amendment to the federal Constitution; (2) appellee's payment of the taxes for which it seeks refund was not voluntary, and, if that element is essential, it should therefore be accorded relief; (3) the question whether the payment was voluntary is itself a federal question, in that upon its decision depends whether or not appellee may have restitution of property of which it was deprived in violation of its right under the Fourteenth Amendment.

The Consolidated Realty Company paid a tax of $1,675.60 for the privilege of having recorded its mortgages which mature after five years when no such tax was required for the privilege of recording mortgages covering a lesser time. It is contended that the payment of this tax was exacted under compulsion of the summary power vested in the county clerk to refuse to record these mortgages unless the tax was prepaid, and that appellee was compelled either to pay the tax or lose the use of its lands as the bases of recorded mortgage credits. The lower court overruled a demurrer to the plaintiff's petition, and, the defendant having declined to plead further, adjudged that the plaintiff was entitled to recover from the commonwealth of Kentucky the sum of $1,675.60, and directed that the auditor of public accounts draw his warrant upon the state treasurer in favor of plaintiff for that amount.

In Middendorf v. Goodale, supra, it was held that a recording officer would not be compelled to record a mortgage until the tax was paid. In the Louisville Gas & Electric Company case, the Supreme Court said:

"It is said that it is a tax upon a privilege which the owner or holder of the instrument creating a lien is free to accept or reject. But for practical purposes there is no such option, for, as this court recently held, there is a practical necessity to record such instruments because, if not recorded, the statute overrides them in favor of purchaser's without notice and creditors; and the choice is like one made under duress."

The substance of the Supreme Court's holding is that a mortgagee was placed by the state law under the compulsion of paying the recording tax or else losing the protection afforded by recording the mortgage. In Carpenter v. Shaw, 280 U. S. 363, 50 S. Ct. 121, 74 L. Ed. 478, and Ward v. Board of County Com'rs of Love County, Okl., 253 U. S. 17, 40 S. Ct. 419, 64 L. Ed. 751, the Supreme Court held that a denial by a state court of a recovery of taxes exacted in violation of the law or Constitution of the United States by compulsion was itself in contravention of the Fourteenth Amendment. The appellee could have refused to pay the tax and thus could have foregone the privilege of recording its mortgage, but by so doing it would have lost the substantial value of its property for mortgage credit purposes. The mortgage would have been valid as between the mortgagor and mortgagee, but would have afforded the latter no protection against innocent purchasers for value or intervening lien holders without notice.

In determining whether a payment of taxes is voluntary or involuntary, the real question is whether there was such an immediate or urgent necessity for the payment as to imply that it was made under compulsion. Union Pacific Railroad Co. v. Dodge County, 98 U. S. 541, 25 L. Ed. 196. In State ex rel. McCardy v. Nelson, 41 Minn. 25, 42 N. W. 548, 550, 4 L. R. A. 300, the register of deeds refused to receive a deed for record until the taxes upon the land had been paid. A statute provided that he should not receive a deed for record until the auditor had certified that all taxes had been paid. The grantee in the deed tendered to the auditor the sum of $125.50 in payment of the taxes on the land and demanded a receipt. The tender and the receipt asked for were refused for the reason that an additional sum was not included in the tender, which sum was charged as a tax upon the property under a special act of the Legislature. It was claimed that this tax was illegal. Suit was brought to compel the auditor to accept the tender of $125.50. In holding that mandamus was not the proper remedy, but that the plaintiff should have paid the alleged illegal tax and brought suit to recover it back on the ground that it was paid under compulsion, the court said:

"The officer, of course, could not certify that the taxes were paid while this tax stood undis-

charged, and its validity undetermined. The register of deeds was prohibited by law from recording the deed until the fact of payment should be thus certified to him. The relator could not secure the recording of the deed by which she had acquired title to this land. If not recorded, she was liable, by force of our registry law, to be wholly divested of her title, either through a subsequent conveyance from her grantor to any innocent purchaser who might pay the tax, and place his deed on record, or through the recovery and docketing of judgments against her grantor. Such a possible result the relator was wholly powerless to prevent, except by the payment of the tax. The opportunity for her to interpose a defense to the tax in the tax proceedings, and to secure an adjudication as to its validity, would not occur for a considerable time after the conveyance to the relator, and almost always in such cases some interval must elapse between the time of the grant and the time when an adjudication could be secured upon that subject; and in the meantime the security of the title acquired must depend upon circumstances beyond the control of the grantee. The inducements which the law thus imposes upon a grantee of lands to pay a tax of inconsiderable amount, rather than to suffer his title to valuable lands to be thus jeopardized, may well be deemed to amount to compulsion. The coercion is certainly as real, and of substantially the same nature, as in the case of a distress of goods.

"Indeed, men of ordinary prudence would not generally hesitate to pay at once such a demand as is involved in this tax, rather than to incur the risk of losing their entire estates by not placing their deeds on record. Both upon the ground of reason and of authority such a payment, made under protest, should not be regarded as voluntarily made. The parties interested do not stand upon equal terms. The law, in effect, compels the payment."

Also see Swift C. & B. Mfg. Co. v. United States, 111 U. S. 22, 4 S. Ct. 244, 28 L. Ed. 341; Oceanic Steam Navigation Co. v. Stranahan, 214 U. S. 320, 29 S. Ct. 671, 53 L. Ed. 1013; Gaar, Scott & Co. v. Shannon, 223 U. S. 468, 32 S. Ct. 236, 56 L. Ed. 510. Under the Mortgage Record-

ing Tax Act, the mortgagee, in order to avail himself of the protection afforded by the recording act, was left no choice but to pay the recording tax. If the tax was not paid, he could not receive the benefit of the recording act and would incur the risk of losing his superior lien on the mortgaged property, at least, until he had gone into the courts and established the invalidity of the Mortgage Recording Tax Act.

In a business such as the one engaged in by appellee, the morgagee must be in a position to record its mortgages immediately in order to enable it to continue in business. Unless it was permitted to record its mortgages promptly, it would be unable to carry on its business. The action of the clerk, therefore, in refusing to record the mortgage until the tax was paid, as he was authorized to do in Middendorf v. Goodale, supra, amounted to duress, and the appellee in paying the tax acted under compulsion. If payment of an illegal tax is made under duress, it need not be paid under protest to entitle the payer to recover it back. On the other hand, in the absence of a statutory provision, a mere protest, of itself, does not render a payment of taxes involuntary. City of Louisville v. Anderson, 79 Ky. 334, 42 Am. Rep. 220; City of Morganfield v. Wathen, 202 Ky. 641, 261 S. W. 12; Union Pacific Railroad Co. v. Dodge County, supra; Little v. Bowers, 134 U. S. 547, 10 S. Ct. 620, 33 L. Ed. 1016.

It follows that the involuntary payment by appellee is recoverable under section 162 of our Statutes. In so far as the Inland Gas Corporation case held that the payment of taxes under the Mortgage Recording Tax Act was voluntary, it is overruled.

Wherefore the judgment is affirmed.

The whole court sitting.

DIETZMAN, J., dissents.