# Zahn's Executor v. State Tax Commission.

(Decided March 22, 1932.)

TRABUE, DOOLAN, HELM & HELM for appellant.

J. W. CAMMACK, Attorney General, and SAMUEL B. KIRBY, Assistant Attorney General, for appellee.

OPINION OF THE COURT BY JUDGE CLAY—Reversing.

George Zahn died testate, a resident of New York, and the owner of 1,248 shares of the capital stock of the Standard Oil Company of Kentucky, a corporation organized under the laws of, and having its headquarters in, Kentucky. The Equitable Trust Company of New York qualified as his executor, and sought to have the stock transferred. The state tax commission refused to permit the transfer until the executor first paid the inheritance or succession tax of 2 per cent of the actual value of the shares of stock imposed by section 4281-8 Kentucky Statutes, and amounting to $851.76. On appeal to the Jefferson county court, the executor challenged the validity of the tax on the ground that its imposition infringed the due process clause of the Fourteenth Amendment to the Federal Constitution. The court sustained the contention, and ordered the transfer without the payment of the tax. From that order the state tax commission prosecuted an appeal to the Jefferson circuit court, chancery branch, first division. The chancellor upheld the tax, and ordered the state tax commission not to authorize the transfer of the stock until the tax was paid. From that judgment this appeal is prosecuted.

The question for decision is: May a state impose an inheritance or succession tax on the transfer of the shares of stock in a domestic corporation belonging to a nonresident at the time of his death?

A review of the authorities is unnecessary. Very recently the question was before the Supreme Court of

168

the United States in First National Bank of Boston, Executor of the Estate of Edward H. Haskell, Deceased, v. State of Maine, 284 U. S. 312, 52 S. Ct. 174, 76 L. Ed. —, and the court, after ruling that shares of stock can, consistently with due process, be subjected to a death transfer tax by one state only, held that the situs for succession tax purposes of shares of stock, not so used in a state other than that of the owner's domicile as to give them a situs analogous to the actual situs of tangible property, is at the domicile of the owner rather than at the home of the corporation. That case, involving as it does the determination of a federal question, is binding on this court and must be followed. Chesapeake & Ohio R. Co. v. Martin, 283 U. S. 209, 51 S. Ct. 453, 75 L. Ed. 983. It follows that Kentucky is without jurisdiction to impose the tax, and that the chancellor should have ordered the state tax commission to authorize the transfer of the stock without requiring the tax to be paid.

Judgment reversed, and cause remanded with directions to enter judgment in conformity with this opinion.