### Havemeyer et al. v. Coleman, Auditor of Public Accounts.

(Decided March 25, 1932.)

WILLIAM MARSHALL BULLITT and BRUCE & BULLITT for appellants.

J. W. CAMMACK, Ex-Attorney General, M. B. HOLIFIELD, Assistant Attorney General, and J. PELHAM JOHNSTON for appellee.

OPINION OF THE COURT BY JUDGE THOMAS—Reversing.

Louisine W. Havemeyer died testate on January 6, 1929, while a resident of the state of New York. After her death her will and its various codicils were probated by the proper court of the county of her residence. She left a large estate that she disposed of by her will and the codicils thereto to her three surviving children, the appellants and plaintiffs below, Horace Havemeyer, Adaline H. Frelinghuysen, and Electra H. Webb. At the time of the death of the testatrix, plaintiff Horace Havemeyer was a citizen and resident of the state of New

York; Adaline H. Frelinghuysen was a citizen and resident of New Jersey, while Electra H. Webb was a citizen and resident of Vermont. So that the testatrix, as well as her three heirs and devisees, at the time of the material dates for the solution of the involved question, were each and all nonresidents of the state of Kentucky.

Composing the estate of the testatrix were 700 shares of the common capital stock of the Southern Pacific Railway Company, a corporation organized under the laws of the state of Kentucky, the value of which was fixed, and is so agreed upon in this case, at $91,350. When the representatives of the estate and the plaintiffs, who were the devisees thereof, applied for a transfer of that stock to them so as to comply with the terms of the will, the taxing authorities of the commonwealth of Kentucky demanded the payment to the defendant, who was the auditor of public accounts of the commonwealth of Kentucky, 2 per centum of the above value of the stock, which was $1,827, and which demand was made under the provisions of section 4281a-8 of our present Kentucky Statutes, and which is section 8 of chapter 111, page 329, of the Acts of 1924, as amended by section 2 of chapter 176, page 843, of the Acts of 1926. That section prescribes for the collection of a transfer or succession tax on "all shares of stock in corporations organized under the laws of this state . . . belonging to persons whose domicile is without the state shall, upon the death of the owner, . . . of two per centum of its actual value upon its transfer," and which is made payable at the time the transfer is made, "to the executor, administrator or trustee of the estate of said [nonresident] deceased."

By two prior sections of the same statute, under enacted classifications, a materially different rate of transfer or succession tax was levied against and to be paid by estates of *resident* decedents of the commonwealth of Kentucky, and which provided for exemptions up to a fixed amount and then graded as the amount increased. Contending that such provision, as applicable to nonresident decedents, was discriminatory in favor of resident decedents and therefore violative of certain provisions of the Constitution of the United States, plaintiffs herein objected to the payment of the 2 per cent tax demanded of them; but they finally consented to pay it under protest, which they reduced to writing and deliv-

ered a copy of it to the Kentucky authorities whose duty it was to collect the tax, and this action was afterwards filed by them in the Franklin circuit court under the provisions of section 162 of our Statutes to recover the amount so paid, upon the grounds insisted on by them in their objection to its payment. The trial court sustained a demurrer to the petition, and, upon plaintiff's declining to plead further, it was dismissed, from which they prosecuted this appeal.

The case as submitted to the court below, and also the record before us when submitted for our determination, chiefly presented the question: Whether the discrimination in the levying of such tax upon such transfers of the character of property involved when owned by a nonresident decedent, and the same property if owned by a resident decedent, was violative of article 4, sec. 2 of the Constitution of the United States, saying: "The Citizens of each State shall be entitled to all Privileges and Immunities of Citizens in the several States." After the case was submitted in this court, and, of course, before its disposition, the Supreme Court of the United States rendered its opinion in the case of First National Bank of Boston, Executor of the Estate of Edward H. Haskell v. State of Maine, 284 U. S. 312, 52 S. Ct. 174, 76 L. Ed. —, in which that court held that (quoting from the syllabus):

"The transfer of tangible personal property by the death of its owner occurs in that state where the property has an actual situs, and is taxable there and not elsewhere."

It also further held that (again quoting from the syllabus):

"The situs, for succession tax purposes, of shares of stock, not so used in a state other than that of the owner's domicile as to give them a situs analogous to the actual situs of tangible property, is at the domicile of the owner, rather than at the home of the corporation."

The facts of that case were in all respects analogous to those in this one. That opinion, involving as it does the question arising under the Constitution and laws of the United States, is binding upon the state courts, Chesapeake & Ohio Railway Co. v. Martin, 283 U. S. 209, 51 S. Ct. 453, 75 L. Ed. 983; Louisville & N. R. R. Co. v.

Miller, 156 Ky. 677, 162 S. W. 73, 50 L. R. A. (N. S) 819; Chesapeake & O. Railway Co. v. Kornhoff, 167 Ky. 353, 180 S. W. 523, and other domestic cases listed on page 54, volume 6, section 97, of West's Kentucky Digest. And so, under a similar state of facts, we felt ourselves bound to follow the opinion of the United States Supreme Court, supra, in the very recent case of Zahn's Exr. v. State Tax Commission of Kentucky, 243 Ky. 167, 47 S. W. (2d) 925. From all of which it follows that the attack made in the petition on the validity of section 4281a-8 of our Statutes, supra, is meritorious, although its invalidity was based by the Supreme Court of the United States on a different ground than the one relied on in the instant petition.

Wherefore, the judgment is reversed with directions to set it aside and to overrule the demurrer to the petition, and for proceedings consistent herewith.

Whole court sitting.