# Talbott, Auditor of Public Accounts, v. United Supply Co., Inc.

### (Decided March 6, 1936.)

BAILEY P. WOOTTON, former Attorney General, S. H. BROWN, Assistant Attorney General, BEVERLY M. VINCENT, Attorney General, and A. E. FUNK, Assistant Attorney General, for appellant.

CRAWFORD, MIDDLETON, MILNER & SEELBACH and J. DONALD DINNING for appellee.

OPINION OF THE COURT BY JUDGE STITES—Affirming.

This is an appeal from a judgment of the Franklin circuit court granting a writ of mandamus to the appellee, United Supply Company, against the auditor of public accounts, directing him to draw his warrant against the state treasurer for the amount of taxes paid by appellee under the Graduated Gross Sales Tax Law enacted by the General Assembly in 1930 (Ky. Stats. 1933 Supplement, sec. 4202a-1 et seq.). Since the rendition of the judgment by the trial court, the appellant, J. Dan Talbott, has ceased to be auditor of public accounts by reason of the expiration of his term of office, and Ernest E. Shannon, who is now auditor of public accounts, has been, by proper motion in this court, substituted as appellant in this proceeding. The auditor filed a general demurrer to the appellee's petition as amended in the circuit court. The demurrer was overruled, and the defendant declined to plead fur-

ther. The judgment here complained of was thereupon entered.

The Graduated Gross Sales Tax Law, referred to above, was held to be unconstitutional by the Supreme Court of the United States (Stewart Dry Goods Co. v. Lewis, 294 U. S. 550, 55 S. Ct. 525, 79 L. Ed. 1054), and appellant concedes that, by proper pleading, appellee is entitled to recover the amount it paid under this void law if it has otherwise complied with the statutory conditions precedent to recovery. The only point made is that the petition alleges that the tax sought to be recovered was paid "under protest" without setting out facts showing a legal protest. We have been cited to no authorities, and have found none, which hold that an allegation to the effect that a tax is paid under protest is such a legal conclusion as to render the pleading bad on demurrer in the absence of facts showing how the protest was made.

Section 10 of the Gross Sales Tax Law (Ky. Stats. Supp. 1933, sec. 4202a-10), under which this proceeding was filed, provided:

"No suit shall be maintained in any court to restrain or delay the collection or payment of the tax herein imposed upon any ground whatever, but the aggrieved taxpayer shall pay the tax as and when due, and if paid under protest may at any time within two years from the date of such payment sue the Auditor of Public Accounts in an action at law to recover the tax so paid, with legal interest thereon, from the date of payment. If it is finally determined that said tax, or any part thereof, was wrongfully collected for any reason, it shall be the duty of the Auditor of Public Accounts then in office to issue his warrant on the Treasurer of the Commonwealth of Kentucky for the amount of such tax so adjudged to have been wrongfully collected, together with interest thereon, and the Treasurer shall pay same out of the General Fund of the State. A separate suit need not be filed for each separate payment made by any taxpayer, but a recovery may be had in one suit for as many payments as may have been made, and which are not barred by the limitation of two years herein imposed."

It is clear that the intent of this section was to permit recovery of the tax paid if for any reason it should

develop that it had been wrongfully collected, so long as the original payment was made under protest. In other words, even if the taxpayer undertook to set out his reasons for objecting to the payment in his protest, it seems clear that this was not the test by which it was intended to measure his right to a refund. The only ultimate test was that the tax be "paid under protest." In such circumstances, it seems idle to say that the taxpayer has not fully complied with the statutory conditions precedent when he alleges that he paid the tax under protest. Facts ordinarily may be alleged in accordance with their legal effect when they necessarily embrace other facts which are but evidence of the material fact alleged, and it is difficult to see wherein the allegation here complained of could in any way fail to put the auditor on notice of the claim he must meet at the trial. In the absence of a statutory provision, a mere payment of taxes under protest does not render the payment involuntary. Coleman, Auditor, v. Consolidated Realty Co., 239 Ky. 788, 40 S. W. (2d) 387; Talbott, Auditor, v. Charlton's Ex'r, 247 Ky. 568, 57 S. W. (2d) 519; Havemeyer v. Coleman, Auditor, 243 Ky. 194, 47 S. W. (2d) 1050. Here the statute expressly provides for a protest, and we consider the allegation sufficient as made, even if, conceivably, it might have been made more definite. Civ. Code Prac. sec. 134; Posey v. Green, 78 Ky. 162. We are not dealing here with evidence which might be adduced on a trial to establish what would amount to a legal protest, but we are concerned alone with the sufficiency of the petition to state a cause of action. It plainly does.

Judgment affirmed.