MAXIMUM MACHINE CO., INC.; Kathy Curtsinger, (d/b/a The CLIP Joint); Kentucky Tank, Inc.; Bullitt County Feeders Supply Co., Inc.; Dr. BC Moser, (d/b/a Moser Chiropractic Office); Charlie Wright, (d/b/a Wright Electronics); Bullitt County Transmission, Appellants,

v.

CITY OF SHEPHERDSVILLE, Kentucky, Appellee.

No. 99–SC–0040–DG.

Supreme Court of Kentucky.

March 23, 2000.

Rehearing Denied June 15, 2000.

Mark E. Edison, Shepherdsville, Counsel for City of Shepherdsville.

John E. Spainhour, Jr., Givhan & Spainhour, Shepherdsville, Counsel for Appellants.

GRAVES, Justice.

Appellants are seven plaintiffs who filed actions in the Bullitt District Court to recover refunds of a business license tax paid to the City of Sheperdsville pursuant to an occupational license fee ordinance (# 990–212) enacted in 1990. The ordinance imposed a license fee on businesses due on July 1st of each year beginning in 1990. Following the enactment of the ordinance, several businesses challenged its legality. In 1995, the Kentucky Court of Appeals affirmed a judgment of the Bullitt Circuit Court declaring the ordinance void due to procedural infirmities. Appellants thereafter brought this action in the district court for a refund of taxes paid in 1990, 1991, 1992, and 1993.

Both the Bullitt District Court and the Bullitt Circuit Court ruled a five-year statute of limitations was applicable to Appellants' claims for a refund. The lower courts agreed that the claims fell within

the scope of either KRS 413.120(5) (an action for withholding personal property), or KRS 413.120(7) (an action for injury to the rights not arising on contract and not otherwise enumerated). On appeal, however, the Court of Appeals disagreed, and held that the claims were governed by the two-year statute of limitations set forth in KRS 134.590(3). This Court accepted discretionary review and, for the reasons set forth herein, reverses the decision of the Court of Appeals.

■ The sole issue concerns which statute of limitations governs Appellants' claims for a refund from the City of Sheperdsville. The Court of Appeals applied KRS 134.590(3), Refund of ad valorem taxes or taxes held unconstitutional, which provides:

> (3) When it has been determined that city, urban-county, county, school district, or special district ad valorem taxes have been paid to a city, urban-county, county, school district, or special district when no taxes were due or the amount paid was in excess of the amount finally determined to be due, the taxes shall be refunded to the person who paid the tax.

While acknowledging that the drafters of KRS 134.590 did not use artful language, the Court of Appeals concluded that a tax paid to a municipality pursuant to an improper ordinance implicitly falls within the ambit of the statute. The panel, citing *Griggs v. Dolan*, Ky., 759 S.W.2d 593 (1988), inferred legislative intent to include occupational taxes within the scope of KRS 134.590(3) based, in part, on the fact that no other curative legislation exists. We disagree.

■ Ordinance 990–212 implemented an occupational license tax, not an ad valorem tax. The Kentucky Constitution expressly authorizes a business license tax which is recognized as a tax separate and distinct from an ad valorem tax. Ky. Const. § 181. Furthermore, the tax was not declared unconstitutional, rather it was voided because the ordinance implementing it was not properly enacted. Clearly, as the cir-

cuit and district courts found, the provisions of KRS 134.590 are expressly limited to refunds for ad valorem taxes or unconstitutional taxes, and are not applicable to the occupational tax enacted by the City of Sheperdsville.

■ Neither party has cited, nor do we find, any statutory provision or ordinance governing claims for ·a refund of the occupational tax. Consequently, Appellants' claims for a refund must be based in common law. *Inland Container Corp. v. Mason County Board of Education, et al.*, Ky., 6 S.W.3d 374 (1999); *see also Martin Marietta Aluminum, Inc. v. Hancock County Board of Education*, 806 F.2d 678 (6th Cir.1986).

■ In *Great Atlantic and Pacific Tea Company v. City of Lexington*, 256 Ky. 595, 76 S.W.2d 894, 895 (1934), our predecessor court stated:

> Money paid without consideration and which in law, honor, or good conscience was not payable ought in law, honor, and good conscience to be recoverable, and that rule applicable to transactions between individuals should be generally made applicable to municipalities and other governments. Only very compelling reasons of public policy relieve the state and its subdivisions from being required to live up to the same moral standards demanded of individuals and to repay taxes collected without authority of a valid law.

Pursuant to *Martin Marietta, supra*, the common law authorizes a tax refund when: (1) the taxing statute or regulation is invalid and the tax payments were submitted involuntarily, or (2) the taxing authority has engaged in misrepresentation. *Id.* at 683. *See also City of Louisville v. Louisville Taxicab & Transfer Co.*, 238 S.W.2d 121 (1951).

■ Ordinance 990–212 authorizing the business license tax in this case was declared invalid on procedural grounds. As such, the necessary determination is

whether Appellants involuntarily paid the tax from 1990–1993. In *Louisville Taxicab, supra,* the Court concluded that a city ordinance authorizing the imposition of a fine for failure to pay the license fee compelled the plaintiff to pay the fee, and thus a refund was proper. "[I]n every case where enforcement may be had in a summary proceeding or a burdensome penalty may be exacted for failure to pay, the law will presume payment to have been made involuntarily and will permit recovery." *Id.* at 124. *See also Coleman v. Consolidated Realty Co.,* 239 Ky. 788, 40 S.W.2d 387 (1931).

Ordinance 990–212 required an annual license for the privilege of engaging in any trade, occupation, business or profession within the City of Sheperdsville, and provided that "[t]he license fee herein levied shall be deemed delinquent if not paid thirty (30) days after same becomes due, and a penalty of 20% of the amount of the fee shall be added thereto." Moreover, Section VI stated:

> It shall be unlawful for any person to engage in a trade, occupation, or profession within the city without reporting and paying the license fees herein provided and required. Any person, firm or corporation violating any provisions of this ordinance shall be fined not less than Fifty Dollars ($50.00) for each offense. A separate offense shall be deemed committed on each day during or on which a violation occurs or continues.

Clearly, Ordinance 990–212 imposed mandatory sanctions for failure to timely pay the annual license fee. Thus, we conclude that Appellants paid the tax involuntarily. *Inland Container Corp., supra; see also Revenue Cabinet v. Gossum,* Ky., 887 S.W.2d 329 (1994) (taxpayer is coerced into paying tax when financial sanctions are imposed for nonpayment); *McKesson Corp. v. Division of Alcoholic Beverages and Tobacco,* 496 U.S. 18, 110 S.Ct. 2238, 110 L.Ed.2d 17 (1990) ("when a tax is paid to avoid financial sanctions ... the tax is paid under 'duress'") Accordingly, recovery of a refund under common law principles is permitted because the ordinance was invalid and Appellants paid the tax involuntarily to avoid mandatory sanctions. *Inland Container, supra.*

 We agree with the Bullitt Circuit Court that Appellants' claims may properly be characterized as claims for recovery of damages for wrongfully withholding personal property under KRS 413.120(5), or actions for injuries to the rights of Appellants not arising under contract and not otherwise enumerated under KRS 413.120(7). As such, Appellants' refund claims are governed by the five-year statute of limitations set forth in KRS 413.120.

The decision of the Court of Appeals is reversed and the matter is remanded to the Bullitt Circuit Court for further proceedings in accordance with this opinion.

All concur.