CASE 106—ACTION BY CITY OF LOUISVILLE AGAINST THE ALBIN COM-
PANY TO RECOVER CITY TAXES.—MARCH 18.

# Albin Co. v. City of Louisville.

APPEAL FROM JEFFERSON CIRCUIT COURT, CHANCERY FIRST DIVISION.

JUDGMENT FOR PLAINTIFF AND DEFENDANT APPEALS. AFFIRMED.

TAXATION—BOARD OF EQUALIZATION—LEGISLATIVE COURT—TAX BILLS
—AUTHENTICATION—PRIMA FACIE CASE—ASSESSMENTS—RE-
VIEW.

Held: 1. Where, in an action to recover taxes, the city proved the
authenticity of the tax bills sued on by its assessor, who was
required to make out the same by Kentucky Statutes, 1903,
section 2996, it thereby established a *prima facie* case.

2. Where, in action to recover taxes for several years, it did not
appear that the assessment for years other than 1896 was in-
creased over the amount fixed by the assessor, whether defend-
ant appeared before the board of equalization for such other
years was immaterial.

3. The fixing of an asesssment made by the board of equalization
after hearing is not reviewable by a court unless the board
proceeded corruptly or fraudulently.

4. The board of equalization, in passing on the value of prop-
erty listed for taxation, is not a legislative court, in viola-
tion of Const., section 135, abolishing all courts except such as
are established by such Constitution.

H. M. LANE AND A. T. BURGEVIN, ATTORNEYS FOR APPELLANT.

## CLASSIFICATION.

1. The court below erred in overruling the appellant's mo-
tion to transfer this case to the common law side of the docket.
Section 2998, Kentucky Statutes, makes a tax bill a mere debt
due from a taxpayer to the city.

It further gives the only action which the city can main-
tain in the circuit court, and this action is one for debt. No
lien is given the city for taxes due on personal property,
therefore the action to recover such taxes is an action at law,
and must be brought on the law side of the docket. The ap-
pellant's motion to transfer from the chancery docket to the

common law docket should have been sustained. ! Section.
2998, Kentucky Statutes, sec. 8, Civil Code; Walker v. Leslie,.
90 Ky., 642; Batchelor v. The Planters' Natl. Bank, 78 Ky.,.
441.

2. The board of equalization in assessing appellant rejected.
the evidence presented to it, and decided without any evidence
and its action was therefore fraudulent in law and void.

It was not necessary for the appellant to expressly allege
fraud. It was sufficient for it to set out such facts as amounted.
to fraud in fact or in law. Desty on Taxes, vol.· 1, p.
497; Frantz v. Mueller, 35 Ohio State, p. 397; State v. Cen-
tral Pacific R. R. Co., 17 Nevada, p. 259; Kerr on Fraud and
Mistake, edition of 1882, p. 366; Kennedy v. Kennedy, 2 Ala.,.
571; Forman v. Brooks, 9 Pickering, 212; Skine v. Simmons,.
11 Geo., 401.

3. The board of equalization as established, is a court. As
such it is an unconstitutional tribunal. Its action therefore
in fixing the assessment against appellant was void. Sec..
135, Kentucky Constitution; Burroughs on Taxation, p. 238;.
Pratt v. Breckinridge, 23 Ky. Law Rep., pp. 1356, 1358.

H. L. STONE, CITY ATTORNEY, FOR APPELLEE.

1. The court did not err in appellant's prejudice in overrul-
ing its motion to transfer this case to the ordinary docket..
Kentucky Statutes, secs. 2998, 3005, 3006, 3004, 4021;. Civil
Code, secs. 90, 31; City of Louisville v. Johnson, 95 Ky., 258;.
Batchelor v. Planters' Natl. Bank,' 78| Ky., 435; Walker v..
Leslie, 90 Ky., 642.

2. The board of equalization had full power and authority to
pass on the assessments of appellant's personal property by the
city assessor, and its action was neither fraudulent nor void,.
but final and conclusive against the appellant. Kentucky Stat-
utes, secs. 2995, 2992; Cooley on Taxation, 2d ed., p. 218;
Odd Fellows Hall Assn. of Dayton v. City of Dayton, 76 S..
W., 181; Cooley on Taxation, 784-5; City Covington v. Shinkle,.
·74 S. W., 652, 24 R., 73; Russell, Sheriff v. Carlisle & Lit-
sey, 10 R., 25.

3. The board of equalization in cities of the first class is not:
a legislative court, nor is the statute providing therefor in vio-
lation of section 135 of the Constitution. Pratt v. Breckinridge,.
23 R., 1356-58; Slaughter v. City of Louisville, 89 Ky., 112;.
Constitution, section 135. ·

OPINION OF THE COURT BY JUDGE NUNN—AFFIRMING.

This was a suit by the appellee to recover taxes upon per-

sonal property of appellant for the years 1895, 1896, and 1897. The following defenses were presented:

First, a traverse denying the authenticity of the tax bills. The city proved the authenticity of the bills by its assessor, and, under the charter, a *prima facie* case was thus made out, which was not overcome by the defendant. See section 2996, Ky. St., 1903, and City of Louisville v. Johnson, 95 Ky., 254 15 R., 615, 24 S. W., 115.

The appellant, by the second paragraph of its answer, averred that it handed in to the city assessor schedules of its property subject to assessment for city taxes for the years 1894, 1895, and 1896, which schedules were brought by the assessor before the board of equalization of the city, and the board rejected the schedules so furnished by the appellant, and arbitrarily fixed the amount of taxes which the appellant should pay. It is nowhere alleged in the answer, nor in any pleading, what was the value of this property as contained in these schedules for each of the years: nor is it alleged that these schedules were sworn to before the assessor or one of his assistants, as required by section 2988 of the Kentucky Statutes of 1903. The reply denies that any schedule of any kind was handed to the city assessor or to one of his assistants by the appellant, or any one for it, for any of these years. We are of the opinion that the defense on this point was insufficient, but admitting its sufficiency, it appears that appellant never complained to the assessor, but appeared before the board of equalization, upon notice from the board, concerning the tax for 1896 only. The board raised the valuation after hearing the appellant. It is true that appellant claims that it was before the board for the other years, but it did not establish that fact to the satisfaction of the court, nor is it material,

since it does not appear that the assessment was increased for either of the other years over the amount fixed by the assessor. Appellant alleged that the action of the board of equalization in fixing the amount of taxes which it should pay on its property "was arbitrary, contrary to the evidence before it, and was entirely unsupported by the evidence." It was not stated in the pleadings in what manner or particular this board was arbitrary, except that it rejected the evidence of appellant and reached its conclusions without any evidence. It may be that the conclusion reached appeared arbitrary to appellant, when in fact it was not arbitrary, but it admits that its officers appeared before the board and testified. This board had the right to give such weight to this evidence of appellant's officials as it deemed proper, and if, upon the whole facts and circumstances presented, it fairly concluded the assessment made was proper, then it was the duty of appellant to pay the same. The statute confides these questions of value to the board of equalization, and the court has no power to review its conclusions in that respect unless the board has proceeded corruptly or fraudulently, which is not alleged or claimed in this case.

It is further claimed by appellant that in fixing the valuations the board of equalization acts as a legislative court, contrary to section 135 of the Constitution, which section reads as follows: "No courts save those provided for in this Constitution shall be established." It also refers to the case of Pratt v. Breckinridge (112 Ky., 1, 23 R., 1356, 1858) 65 S. W., 136, for authority to support its contention. The direct point decided in this case was simply that the State board of contest, composed of three commissioners, was a legislative court, within the meaning of this section of the Constitu-

tion.   In our opinion, this decision does not furnish author-
ity for holding that a mere board of equalization, which
passes on the question of value of property listed for tax-
ation, with power to approve, increase, or decrease the
same, is a legislative court.   It certainly was not con-
templated by the framers of the Constitution to do away
with such tribunals, which had never before by any decision
of this court been held to be a judicial tribunal, or vested
with the powers and duties of a court.   If the Legislature
is powerless under the present Constitution to provide for
such a tribunal as a board of equalization, then the whole
revenue system of the State, counties, and municipalities
must give way, and hereafter, when a question is made
as to the value of property fixed by the assessor for tax-
ing purposes, the only remedy will be to provide for an ap-
peal to the regular courts, and thereby make the judges
thereof the final assessors.   In our opinion, such is not
the proper construction of section 135 of the Constitution.

Wherefore the judgment of the lower court is affirmed,
with damages.

Petition for rehearing by appellant overruled.