## Pike County v. Waugh.

(Decided January 17, 1928.)

### Appeal from Pike Circuit Court.

1. Highways.—Contract for construction of county road 18 feet wide to be paid at unit prices, and providing that extra work ordered by county road engineer should be paid for on cost plus basis,

held not to authorize engineer to order width of road increased to 24 feet or entitle contractor to pay therefor, because such road was made part of state primary system by Ky. Stats., Supp. 1926, sec. 4356t-5, subsec. 39a, and his order to do so was ultra vires and void; provision for extra work covering merely incidental matters arising in the progress of the work.

2. Estoppel.—That county made no objection to the progress of road construction work and received the benefit of the road held not to estop it to deny lack of authority on the part of the county road engineer to order width of road increased from the 18 feet provided in the contract to 24 feet; rule of estoppel not applying to municipalities.

3. Municipal Corporations.—Persons dealing with municipalities through agents must take notice of the limitation placed on the agents' authority and deal with such agents at their peril.

ZACK JUSTICE for appellant.

O. A. STUMP and FRANK P. DAMRON for appellee.

OPINION OF THE COURT BY JUDGE McCANDLESS— Reversing.

In December, 1926, after due advertisement, the county of Pike let a contract to H. M. Waugh for the construction of a highway from Freeburn to the forks of Peter creek in that county in accordance with plans and specifications and a preliminary map prepared by the county engineer showing approximately the width and length of the road and a schedule of prices submitted by the bidder including "clearing and grubbing," "excavation common earth," "excavation loose rock," "excavation solid rock," "excavation earth borrow," "class A concrete reinforcement," "reinforcement concrete pipe," "rip rap," and "overhaul," etc., the price being fixed on each of these respective units together with all work incident thereto.

And in the seventh paragraph of the contract it was provided:

"Said party of the first part further agrees to pay the said party of the second part for such extra work as may be ordered by the county road engineer, prices for which are not included in the above items, the actual cost of labor, plus 15 per cent of the same, and the actual cost of materials, plus 10 per cent."

The contractor, Waugh, began grading the road and on the 15th day of May, 1924, the county road engineer of Pike county gave him the following notice:

"Mr. Harry M. Waugh, Bluefield, W. Va.—Dear Sir: You will please be advised that the Peter Creek road has been made a state aid road and included in the state primary system. In view of this I am widening the roadbed to state standards, particularly in rock cuts and in fills wherever possible without too great additional cost to all  Pipes not in place, there will be added 2' 0" and I have advised your superintendent and set stakes according.

"Yours very truly,

"S. Bentley, Co. Road Engineer."

The legislative act (Ky. Stats. Supp. 1926, section 4356t-5, subsec. 39a) made the project mentioned a part of the state primary system, but it has never been accepted by the state highway department either for construction or maintenance.

The above facts are shown by a stipulation in the record which further shows that the original width of the roadbed was 18 feet, with 3 feet for ditches; that the state standard is referred to in the notes as 24 feet in width with a 3-foot ditch line; that J. S. Bentley and M. B. Elliott were regularly qualified and acting road engineers for the county, and that Bentley gave the above notice to the contractor and changed the stakes in accordance with such notice, and that the work was done according to such stakes thus set and pursuant to the instructions of such engineer, and that this entailed extra cost in the road construction to the amount of $5,994.73; it being further stipulated that there is no order of court except the contract mentioned authorizing the work to be done.

At the completion of the work the road was accepted by the county engineers as being in accordance with the contract, but the county refused to pay the cost of extra construction entailed in widening the road 6 feet. For this amount Waugh sued the county in the Pike circuit court, and recovered judgment, and the county appeals.

The case turns upon the construction of the seventh paragraph of the contract quoted, supra, providing for extra work. It is claimed by appellee that the engineers were thus authorized to change the plans and that the county was obligated to pay increased cost on the cost

plus basis set out for extra work. On the other hand, the county claims that the fiscal court alone had power to make or change the contract; that it contracted for a road 18 feet in width and which was to be constructed in accordance with certain plans and specifications and a map prepared by the county engineer, all of which gave 18 feet as the width of the road, and that any attempted change in the width of the road by the county road engineer is ultra vires and void.

Doubtless, the fiscal court had the funds on hand with which to pay for an 18-foot roadway. It may or may not have had funds with which to pay for a 24-foot roadway. Even if it had such funds, in its discretion it may have determined to use such funds elsewhere. It had to exercise a discretion in fixing the width of the road. Clearly, it could not surrender its discretion to any one else. If the road engineer could change the road from 18 to 24 feet in width, he could change it in any particular he desired. Indeed, if he could change the width, there is no reason why he could not change the length, because a determination of one is as much a matter of discretion as is the other. If he could change the contract so as to increase the cost of the road $6,000, he could have changed it so as to have doubled the cost of the road or have made any other change he desired. Clearly, such authority is not given and could not be given to the road engineer, and his acts in so doing were ultra vires and void. See Floyd County v. Allen, 137 Ky. 575, 126 S. W. 124, 27 L. R. A. (N. S.) 1125; Floyd County v. Owego Bridge Co., 143 Ky. 693, 137 S. W. 237; Perry County v. Engle, 116 Ky. 594, 76 S. W. 382, 25 Ky. Law Rep. 813; J. I. Case Threshing Machine Co. v. Commonwealth, 177 Ky. 454, 197 S. W. 940. The provision for payment of extra work on the cost plus basis is not inconsistent with this conclusion, as it was evidently intended to cover incidental matters arising in the progress of the work and not covered by the elemental units entering into the work on each of which a price was fixed in the contract. Certainly, it was not intended to authorize a change of the contract by the engineer.

It is said, however, that as the county made no objection to the progress of the road work and is receiving the benefit of the road it is estopped to deny lack of authority upon the part of the county road engineer. The rule is applicable to individuals, but does not apply to municipalities. It is also well settled that persons dealing with municipalities must take notice of the limitation

placed upon the agent's authority and deal with them at their peril. This rule works a great hardship upon appellee in this case and it is regrettable that he cannot recover the cost of this work, as it seems admitted that it was properly performed and that the provisions of the contract were carried out, but regrettable as it is any other rule might result generally in financial loss to municipalities and conflict with public policy. In the Owego Bridge case, supra, the contractor was permitted to remove the bridges it had constructed, and in this instance, perhaps, the appellee would be permitted to remove the extra material he has placed upon the roadway, if this could be done without injury to the rest of the road; however, we doubt if this would be practical or possible. At least, it is not so shown to be by the record.

Wherefore the judgment is reversed, and cause remanded for proceedings consistent with this opinion.