## Greensburg Deposit Bank v. Commonwealth et al.

(Decided October 8, 1929.)

NOGGLE & GRAHAM for appellant.

W. F. MILBY, J. W. CAMMACK, Attorney General, and M. B. HOLIFIELD, Assistant Attorney General, for appellees.

OPINION OF THE COURT BY COMMISSIONER HOBSON—Affirming.

The board of tax supervisors of Green county fixed the value of the shares of stock of the Greensburg Deposit Bank for taxation for the year 1928 at the sum of $80,900. From the action of the board the commonwealth and Green county appealed to the Green quarterly court, which sustained the action of the board. From the action of the quarterly court the commonwealth and Green county appealed to the circuit court. In the circuit court a judgment was rendered fixing the valuation of the bank shares at the sum of $113.000. From that judgment the bank appeals.

Section 4128, Kentucky Statutes, provides:

"If the county attorney or sheriff feel that the state, county or any taxing district has been aggrieved by the action of the board of supervisors, or on account of the failure of said board to act, then either of said officers may appeal to the quar-

terly court by filing with the judge thereof a brief statement showing the action of the board of supervisors or stating wherein it failed to properly act. The quarterly court shall hear evidence and pass upon all such appeals and either of said officers or tax commission may appeal to the circuit court and then to the court of appeals the same as in other civil cases.''

As appeals in such cases may be taken as in other civil cases, section 726 of the Civil Code of Practice, applies, and is in these words: ''Appeals shall be docketed and stand for trial as ordinary actions, and shall be tried anew, as if no judgment had been rendered.''

Appellant relies on Albin Co. v. Louisville, 117 Ky. 895, 79 S. W. 274, 25 Ky. Law Rep. 2055; Ward v. Wentz, 130 Ky. 705, 113 S. W. 892; City of Corbin v. Board of Education, 206 Ky. 787, 268 S. W. 560; and Siler v. Board of Sup'rs of Whitley County, 221 Ky. 100, 298 S. W. 189, insisting that there was no evidence that the board acted corruptly or fraudulently and that without this its action must stand. But in all those cases the action of the board came before this court collaterally. None of them presented a direct attack on the action of the board by appeal under the statute providing that the case should be tried anew as though no judgment had been rendered. The rule laid down in those cases has no application to an appeal prosecuted under the statute, which was clearly intended to confer jurisdiction on the courts to correct the assessment if not properly made.

It is shown by the proof that for a number of years the state board has assessed all the banks in the state by adding together the capital, the surplus, and the undivded profits, and subtracting from this sum the assessed value of real estate. The circuit court followed this rule, and while it is true that other facts may be considered if shown, there was no such proof in this case as to warrant any deduction on account of bad notes or doubtful assets. The officers of the bank had all reported that all of its notes were good and there was no testimony on the trial sufficient to show the contrary. The fact is the reports of the officers all showed that the bank was in a prosperous condition. It was paying semi-annually a 5 per cent. dividend on its stock. It had outstanding loans over the amount of $500,000. It was assessed for the year before at practically the same sum. It prayed an appeal from

800

the decision of the court, but took no appeal. Its condition in 1928 was practically the same as the year before.

In ordinary actions tried before the circuit court, this court gives much weight to the finding of facts made by the circuit court, for he sees and hears the witnesses. He is on the ground and knows local conditions, and his conclusion on the facts will not be disturbed here unless clearly erroneous. In this case the proof fully sustains the conclusion of the circuit court. Appellant cannot complain that it is taxed as other banks. It is made by the statute a favored taxpayer. It pays to the state only a certain rate, though less than other taxpayers, and it pays to the county and other municipalities only a limited rate. These limited rates were fixed upon the idea that the banks stand in a class to themselves. Other taxpayers pay taxes at the full rate on money lent out by them without any deduction of money due by them to others. The fair cash value of the shares of stock is the matter to be determined on all the facts. The price at which a share or so now and then was sold at private sale is not conclusive.

Judgment affirmed.