## Board of Sup'rs of Somerset v. Farmers Nat. Bank of Somerset.

Dec. 18, 1942.

158

C. L. Tartar for appellant.

W. B. Morrow for appellee.

OPINION OF THE COURT BY STANLEY, COMMISSIONER— Affirming.

The appeal is from a judgment fixing the valuation of shares of stock of the Farmers National Bank of Somerset for taxation by that city. KRS 92.500, 92.510, 132.200, 136.270, 136.280. The bank had listed the total value of its 1,000 shares at $66,500, which included $18,000 as the value of its real estate. The City Board of Supervisors fixed the value at $172,687, including $22,000 of real estate. The quarterly court adjudged the valuation to be $100,000, including $19,000 of real estate. On the appeal of the Board of Supervisors to the circuit court the case was submitted upon an agreed statement of facts. The valuation was adjudged to be $100,000. The judgment does not refer to the real estate which may be deducted at its assessed value from the total valuation placed on the shares. Section 4019a-10, Ky. Statutes; KRS 136.280.

It is prescribed by Section 172 of the Constitution that all taxable property shall be assessed "at its fair cash value, estimated at the price it would bring at a fair voluntary sale." That criterion, of course, runs throughout the several applicable statutes. Intangible property, such as shares of stock in a corporation, is taxable only for state purposes, except "the shares of banks, trust companies, or combined banks and trust companies doing business in Kentucky" and of domestic insurance companies. Stock of that kind is subject to local taxation. The banks are required to make certain reports to the Kentucky Tax Commission and to local assessors, who are directed to assess the stock for their respective taxing districts. Section 4019a-10, Ky. Statutes; KRS 132.200, 136.030, 136.280. The rate of taxation by a city or town cannot exceed 20 cents "on the one hundred dollars of the fair cash value of the shares." Section 4092, Ky. Statutes; KRS 136.270. This is an ad

valorem tax, payable by the banks and trust companies for and on behalf of the owners of the stock, the banks and trust companies being merely the agents for the collection. City of Shelbyville v. Citizens Bank of Shelbyville, 272 Ky. 559, 114 S. W. (2d) 719.

The agreed statement of facts contains an itemized list of resources and liabilities of the appellee bank in the usual form of bank statements as of April 1, 1941, the assessing date of property for cities of the fourth class, of which Somerset is one. KRS 92.420. That reveals the capital stock to be $100,000, and the aggregate of its surplus, undivided profits and reserve to be $63,-686.28. The appellant contends that the value of the shares for taxation should be the book value of $163,-686.28. It is pointed out that the entire resources of the bank were $1,231,786.66, with actual cash assets of over $500,000. It is argued that the favor and partiality with which banks are treated by the taxing statutes ought not to be extended so as to reduce the assessment of the shares below the sworn book value. Appellant relies upon Greensburg Bank v. Commonwealth, 230 Ky. 798, 20 S. W. (2d) 979, 980, in which we affirmed a judgment using the book value as the taxable value. The opinion does not indicate that any other proof of valuation was submitted. It concludes:

"The fair cash value of the shares of stock is the matter to be determined on all the facts. The price at which a share or so now and then was sold at private sale is not conclusive."

This rule of estimation is adhered to in Dumesnil v. Reeves, 283 Ky. 563, 142 S. W. (2d) 132.

We have proof in this case, by way of stipulation, of a number of specific sales of shares of stock in this bank in 1941 for $75 to $100, during which period the aggregate net book value was around $9,000 more than it was on April 1st. During eight years prior to that date, the stock sold as low as $65 at public sale and never for more than $100 a share. In November, 1941, an administrator of a decedent's estate sold at public auction, after due advertisement, 61 shares on a credit of six months, offering same in one to five share lots. It was sold from $97 to $100 a share. At that time the aggregate net book value was $10,000 more than on April 1st.

Notwithstanding the book values of the stock, the

assessing officers and we are bound by the constitutional measure of valuation, namely, "the fair cash value, estimated at the price it would bring at a fair voluntary sale." The evidence of voluntary sales of such number and diversity as was presented establishes with reasonable certainty that the value of this stock did not exceed $100 a share, or the aggregate of $100,000. See Bingham's Adm'r v. Commonwealth, 196 Ky. 318, 244 S. W. 781.

The judgment is affirmed.