**Lawrence (C. L.) TAYLOR et al., Appellants,**

**v.**

**Carrie May Morris NEWMAN et al., Appellees.**

Court of Appeals of Kentucky.

Nov. 21, 1958.

Cecil C. Wilson, Glasgow, for appellants.

Louie B. Nunn, Glasgow, for appellees.

BIRD, Judge.

Appellants are owners in fee simple of two tracts of land consisting of 54 and 100 acres respectively. They obtained title by deeds dated in 1948 and 1950.

Appellees are the owners of two separate gas and oil leases covering each of the two tracts. These leases were originally executed by appellants' predecessors in title on October 14, 1926, and January 3, 1927, and through various assignments both leases became the property of appellees.

Both leases were operated and oil was produced in varying quantities on each. A small quantity of oil is still being produced on the larger tract.

In this action the owners of the land asserted divers violations of the terms of the leases and they therefore demanded judgment declaring a forfeiture of each. They also sought to recover damages for injuries alleged to have been done to the land through negligence in operation and by violation of the leases. Appellees denied all material allegations.

The case was tried by the judge without jury. He found as a matter of fact that the lease on the tract of 54 acres was not being operated and that no effort had been made to operate it for a "long time," and that the wells had been completely abandoned.

In substance he found that the lease on the tract of 100 acres had been continuously operated since the time of its execution, and that it is now being so operated with oil being produced as provided in the lease but in smaller quantities.

He found that the leases were operated in the usual and customary manner and that lessees had taken "all necessary precautions" to prevent injury to the land. He found that the operations were conducted in a manner generally employed by prudent and experienced operators. He further found that the damages to land, if any, were "inherent to the operation" of the leases and not in violation of the terms thereof.

In substance he found that the land had not been damaged through negligence in operation and that it had not been damaged by reason of any violation of the lease agreement.

He concluded as a matter of law that the lease of the tract of 54 acres had been forfeited under the terms of the lease; that the lease of the tract of 100 acres had not been so forfeited; and that the land involved had not been damaged by the negligence of lessees or any violation of the terms of the lease.

Judgment was entered as follows: (1) It was adjudged that the lease on the tract of 54 acres was forfeited; (2) It was adjudged that the lease on the tract of 100 acres was not forfeited and was still in full force and effect; and (3) It was adjudged that lessors' claim for damages be dismissed.

The landowners appeal from the second and third provisions of the judgment.

We will not disturb the judge's findings of fact unless they are clearly erroneous. Greensburg Deposit Bank v. Com., 230 Ky. 798, 20 S.W.2d 979; CR 52.01. His findings in this case are not clearly erroneous, and, finding no error in the application of the law to the facts, the judgment is affirmed.