**John E. TREITZ et al., d/b/a John Treitz & Sons, Appellants,**

**v.**

**Bert VAN ARSDALE, County Judge, et al., Appellees.**

Court of Appeals of Kentucky.

Dec. 11, 1959.

Rehearing Denied Feb. 26, 1960.

Wilbur O. Fields, Garner M. Petrie, Louisville, for appellants.

Charles W. Dobbins, A. C. Coaplen, J. W. Jones, Louisville, for appellees.

BIRD, Judge.

The appellants, a construction organization, entered into two road construction contracts with the Fiscal Court of Jefferson County whose members are appellees in this action. Each of the contracts involves separate and distinct road projects. However, the question to be resolved is the same in each instance and we shall treat the action as involving a single contract.

The facts are briefly as follows: "Plans and Specifications" were prepared by the County Road Engineer and were duly advertised and submitted by the Fiscal Court for bids. Appellants submitted the lowest bid and it was accepted. The contract was duly executed by the parties. The quantity of work to be done and the unit price to be paid for that work were made a part of the contract in conformity with appellants' bid and its acceptance by the Fiscal Court.

After the execution of the contract, certain changes were made in the plans and specifications which increased the quantity of work to be done. These changes were made without the authority of the Fiscal Court. Nevertheless, the appellants, *without further agreement with the Fiscal Court*, followed the change in plans and specifications and performed the added quantity of work. They submitted a bill to the Fiscal Court for all of the work at the agreed unit price. The Fiscal Court refused to pay for more work than was incorporated in the contract. Appellants brought this action to recover for the excess.

The trial court found as a matter of fact that a contract was duly executed, that the contract specifically stated the quantity of work to be done, that appellants did much work in excess of the contractual requirements and that the Fiscal Court had paid according to the contract.

The trial court, in construing the contract, held that no increase was authorized by the Fiscal Court and it was not obligated to pay for work beyond the terms of its agreement. A judgment was entered dismissing the complaint and thus this appeal.

■ The trial court having found as a matter of fact that the contract specified the exact quantity of work to be done, and having further found that a quantity of work greater than that specified in the contract was actually done, and the trial court having sufficient evidence upon which to base that finding of fact we shall not disturb it. CR 52.01; Taylor v. Newman, Ky., 318 S.W.2d 407.

■ We find nothing in this record to show that the Fiscal Court knew of the increased quantity of work until after the project was complete. Though there was no supplemental agreement authorizing an increase, the appellants contend that the County Road Engineer made the change which increased the quantity of work and that the provisions of the contract are sufficient to authorize his acts. Upon this ground it is claimed that the Fiscal Court is liable for the payment of the increase and that the judgment should be reversed.

The contract provided:

"* * * that all work shall be performed according to plans and specifications prepared by the County Road Engineer, *which are made a part of this contract*." Emphasis ours.

The contract further provided:

"The work shall be done under the direct supervision of the County Engineer and in accordance with the Standard Kentucky State Highway Specifications of 1945, with amendments thereto and to the complete satisfaction of the County Road Engineer * * *."

Appellants claim that the Standard Highway Specifications were made a part of appellants' contract with the Fiscal Court and that the provisions therein contained authorized the change in quantity of work. In support of this contention the appellants cite us to Section 4, Subsection 1.4.3., dealing with "Increased or Decreased Quantities of Work." The section provides that the State Department of Highways reserves a limited right to make changes in quantity of work for the purpose of completing "fully and acceptably the proposed construction in a satisfactory manner," and it further provides that a supplemental

agreement shall be executed to cover work not included in the original proposal.

If it was intended that this section become a part of the contract in this case, we need only to substitute the Fiscal Court for the Department of Highways. Having done so we still fail to find where the Fiscal Court has directly, or otherwise, exercised its reserved right to change a quantity of work for the purpose of completing "fully and acceptably the proposed construction," or for any other purpose, and we still fail to find the Fiscal Court's supplemental agreement providing for work "not included in the original proposal."

It is true that the plans were changed by the Assistant Road Engineer and that the final specifications called for more work than originally proposed and it is true that the work was to be performed according to plans and specifications prepared by the engineer. However, the plans and specifications governing the work to be performed are limited to those which are made a part of the contract. The work in this instance was done according to the engineer's modified plans and specifications which were not made a part of the contract.

We find no authority, direct or implied, authorizing the County Road Engineer, or anyone for him, to increase the quantity of work beyond the total quantity of work proposed in the contract. The County Road Engineer could not obligate the Fiscal Court to pay for the increased quantity of work. Pike County v. Waugh, 222 Ky. 598, 1 S.W.2d 1066. The Pike County case was stronger than the present one. In that case, but not in this one, the contract actually provided that the engineer might order extra work on a cost plus basis. This provision was construed by this Court to cover only incidental work which might be occasioned by performing the quantity of work specified in the contract and not a change in quantity as is here involved.

It is argued that the contract as a whole contemplates changes in plans and specifications. However this may be, it is nevertheless the prerogative of the Fiscal Court to make the change. The Fiscal Court did not so act in this case.

There is no doubt that the Fiscal Court has benefited by the work done but, under the decisions of this Court, the work was done at the contractors' peril and the Fiscal Court is not liable.

The judgment is affirmed.