**Musie TENNELLY, an Incompetent by William M. Gant, Guardian ad litem, Appellant,**

v.

**Martin S. LANCASTER et al., etc., Appellees.**

Court of Appeals of Kentucky.

Feb. 19, 1960.

William M. Gant, Owensboro, for appellant.

David C. Brodie, Owensboro, for appellees.

BIRD, Judge.

The chancellor decreed that an incompetent's committee could, under KRS 389.-010, mortgage the incompetent's real property for the purposes of future support and improvements on the property. This appeal is taken from that judgment.

The chancellor, under the record, could and did find that it was necessary for the incompetent to have funds, and the chancellor likewise found as a matter of fact that the interest of the incompetent would be best served by mortgaging the property rather than selling it. This finding of fact is supported by the record and this Court will not disturb it. Taylor v. Newman, Ky., 318 S.W.2d 407.

KRS 389.010 provides that the chancellor may decree a *sale* "for any purpose deemed by the chancellor to be necessary

or proper or beneficial to such person under disability."

■ Regardless of the incompetent's benefits we must nevertheless determine whether the chancellor may, for these same purposes, authorize a mortgage rather than a sale of the incompetent's real property.

Without saying specifically that sales under the provisions of KRS 389.010 may include mortgages we have by implication so held. Mark v. Mark, 313 Ky. 536, 233 S.W.2d 100; Clay v. Clay, Ky., 307 S.W. 2d 777; Pikeville Oil & Tire Co. v. Deavors, Ky., 320 S.W.2d 782. Supported by these authorities, this Court is of the opinion that the chancellor, under KRS 389.010, may authorize the execution of a mortgage when he finds as a matter of fact that such execution is and will be consistent with the purposes prescribed in the statute.

.The judgment is therefore affirmed.