Henry **HORNUNG** et al., d/b/a Progress Iron & Steel Company, Appellants,

v.

**JOSEPH W. GREATHOUSE COMPANY** et al., Appellees.

Court of Appeals of Kentucky.

March 25, 1960.

Allen P. Dodd, Jr., Louisville, Dodd & Dodd, Louisville, for appellants.

S. L. Greenebaum, Louisville, Greenebaum, Barnett & Wood, Louisville, for appellees.

PALMORE, Judge.

This action was brought by appellants (comprising a partnership hereinafter called Hornung) to recover the contract price of $23,650 for dismantling the 6-story Strand Theater and office building in Louisville and preparing the ground for a parking lot. A lien under KRS 376.010 was asserted, and the matter was heard in chancery. The appellee, Joseph W. Greathouse Company, owner of the building, offered to confess judgment for $19,-650 (CR 68) but denied liability for the balance of $4,000 on the ground that the parties had agreed on that sum as damages to be paid Greathouse on account of delay in performance by Hornung. The chancellor, after referring the factual questions to a commissioner, accepted the commissioner's report and recommendations and decided the $4,000 issue in favor of Greathouse. Judgment was entered in favor of Hornung for $19,650. Hornung appeals.

The contract was not clear as to whether the work was to be completed within 90 calendar days or 90 working days, nor was it clear as to the exact beginning date for computation of the time. The first question was decided in favor of Hornung. The other findings, briefly stated, were that (1) the starting date for the job was August 27, 1955, (2) the job was completed on March 5, 1956, which was not within 90 working days after August 27, 1955, and (3) on or about January 15, 1956, realizing it was behind in performance, Hornung agreed to a "penalty" of $4,000 as settlement in full for the breach, which sum was less than the actual damage to Greathouse occasioned by the delay. Each of these findings is supported by credible, competent evidence and is reasonable.

The appeal does not raise any question of law sufficiently serious to justify discussion. The issues here are strictly factual, and as the findings of the trial court were not clearly erroneous they cannot be set aside on appeal. CR 52.01; Taylor v. Newman, Ky., 1958, 318 S.W.2d 407; Trietz v. Van Arsdale, Ky., 1959, 331 S.W.2d 734. Ken-Tex Exploration Co. v. Conner, Ky., 1952, 251 S.W.2d 280, cited by appellant, does not stand for a different principle.

The judgment is affirmed.