**William H. ASHER, Appellant,**

**v.**

**Gilbert H. HARTLAGE et al., Appellees.**

Court of Appeals of Kentucky.

June 10, 1960.

Erbon P. Sawyer, Heidenberg & Bossmeyer, Louisville, for appellant.

Daniel B. Boone, Henry A. Triplett, Louisville, for appellees.

BIRD, Judge.

The appellant, William H. Asher, a retired lithographer and next door neighbor to the appellees, Mr. and Mrs. Hartlage, became ill with diabetes and other complications. In 1954, because of his inability to properly care for himself, Asher moved into the Hartlage home. It was arranged for Asher to have board, room and care in consideration of regular payments in cash. In August, 1954, while living under this arrangement he executed a will leaving all of his property to the Hartlages. It is not contended that the Hartlages did anything to procure the execution of the will. They did not know the extent of Asher's holdings and he gave them no information on the subject at that time.

After the execution of the will he continued to live with them under the previous arrangement for board, room and care. However, on April 8, 1955, Asher executed a deed conveying and transferring all of his property to the Hartlages.

Asher brought this action in March, 1957, to cancel the deed and restore his property. As grounds for cancellation and restoration he charged that while he was physically ill and mentally incapacitated the grantees by themselves and through a lawyer had procured the deed by fraud, duress, undue influence, coercion, persuasion and misrepresentation.

The trial court found as a matter of fact that the deed was executed in consideration of the Hartlages' agreement to support and care for Asher during the rest of his life. There was sufficient evidence to support this finding. It should be noted that failure of consideration is not claimed here and the trial court found as a matter of fact that there was no breach of contract by the Hartlages. The trial court also found as a matter of fact that Asher was mentally competent and that the deed was not procured by fraud or any kind of undue influence or misrepresentation. Upon these findings he entered a judgment for the Hartlages. Asher appeals.

Examination of the record reveals only one major question to be determined here. Was the evidence sufficient to authorize the trial court's findings of fact? So clear and convincing is the evidence in this case that we shall not undertake to fully detail it.

The record unerringly portrays Asher as a man of strong mind who acted upon his own volition in all of his dealings with Mr. and Mrs. Hartlage. Though he was physically ill this record fails to show any mental incapacity. Asher's own testimony and that of his doctors thoroughly refutes any claim of mental weakness. His own testimony also refutes the charge of fraud and undue influence. His testimony reveals that he wrote his brother in England telling him exactly what he had done and why he had done it. He extolled the virtues of Mr. and Mrs. Hartlage to his brother. There is no claim that these communications with his brother were anything but voluntary. His testimony reveals that he lived in the Hartlage home with a minimum of friction. Though he testified that he did not intend to part with his property, his account of transactions leading up to the conveyance is highly indicative of a purely voluntary act. In fact the record discloses that he was well satisfied and reasonably happy for about a year and a half after the conveyance. It was then that his friend, Botts, tossed the apple of discord into the Hartlage household by telling Asher he had made a bad deal. This action started from there.

It may or may not have been a good deal for Asher but there is sufficient evidence to authorize the trial court's findings of fact and we will therefore not disturb the findings. Taylor v. Newman, Ky., 318 S.W.2d 407. Hornung v. Joseph W. Greathouse Co., Ky., 333 S.W.2d 760.

It is contended that, because of the confidential relationship existing between the parties, the court erred in not placing the burden of proof on Mr. and Mrs. Hartlage to show that Asher acted freely in making the conveyance. Bracken v. Johnson, Ky., 249 S.W.2d 149, 152, is cited in support of this position. In that case we said:

"* * * Though the grantor or his representative has the burden of proof in a suit to cancel a deed, yet when circumstances which may be denominated as badges of fraud appear, such as extreme mental weakness and dependence of the grantor and strength and dominance of the grantee, the burden shifts to the grantee to prove that the transaction was fair, free from undue influence and devoid of vice which would render it inequitable and unfair. This rule is one of factual presumption resting on the common experiences and observations of life. Moore's Adm'r v. Edwards, 248 Ky. 517, 58 S.W.2d 915; Gay v. Gay, 308 Ky. 545, 215 S.W.2d 96. That condition was clearly manifested in the instant case. Extreme old age with its infirmities and the natural imminence of death, when coupled with

other slight circumstances showing an imposition or overreaching, present a situation which calls upon the beneficiary to clear up. Huffaker v. Brammer, 193 Ky. 267, 235 S.W. 727; Gregg v. Hedges' Guardian, 227 Ky. 268, 12 S.W.2d 854; Coffey v. Lair, 256 Ky. 741, 77 S.W.2d 4; Thompson v. Henson, 307 Ky. 61, 209 S.W.2d 849; Gay v. Gay, 308 Ky. 545, 215 S.W.2d 96."

■ The foregoing is a proper statement of the rule. However, when the grantor's own testimony warrants the court in finding as a matter of fact that he was mentally competent and that his act was free and voluntary the reason for the rule ceases to exist and it has no application. That is the situation we have here.

We find no error. The judgment is therefore affirmed.