Tom HIBBS, Appellant,

v.

Arson MOORE et al., Appellees.

Court of Appeals of Kentucky.

Oct. 25, 1961.

Rehearing Denied Dec. 15, 1961.

Athol Lee Taylor, Burlyn Pike, Shepherdsville, for appellant.

T. C. Carroll, C. V. Sanders, Shepherdsville, Thomas C. Carroll, Louisville, for appellees.

BIRD, Chief Justice.

Tom Hibbs ran against Arson Moore for County Judge of Bullitt County in the Democratic primary election held in May, 1961. Hibbs lost to Moore by 62 votes. Moore was at the time serving as County Judge of that county.

Hibbs contested the election on divers grounds. Upon Moore's motion the trial court struck all but one of the numerous numbered paragraphs of the complaint because they failed to state facts sufficient to constitute grounds for a contest. In so doing the trial judge wrote an opinion in which he disposed of each paragraph separately.

He did not strike paragraph 24 in which it was charged in substance that Moore conspired with various officers of the Kentucky Department of Highways to coerce state highway employees to vote for Moore in violation of KRS 123.110 of the Corrupt Practices Act. Proof was heard on this issue alone. At the conclusion of the hearing the trial court made the following finding of fact:

"There is not the slightest evidence presented in this case of a conspiracy to violate KRS 123.110 or any other election law. The evidence not only wholly fails to prove a conspiracy, but completely fails to show any violation of law by Moore. At most, it shows only that Moore was present at a meeting of highway employees, when another employee informed those present 'the administration' was supporting certain candidates, including Moore. Whereupon Moore did what any other candidate would have done, he solicited those present to support his candidacy. There is no evidence whatever in the record that any employee, state or county was threatened, intimidated, or coerced to cast his vote a certain way. No matter what the implications from the request might have been such cannot in law be dignified to the status of evidence against Moore."

Thereupon the complaint was dismissed and judgment was entered for Moore. Hibbs appeals.

He insists that the trial court erred in dismissing any part of his complaint and that he erred in finding for Moore on the one issue that was heard.

We have carefully studied the allegations that were stricken and have concluded that the opinion of the trial judge concerning those issues is so substantially correct that further elaboration by us is unnecessary. There was no reversible error in the dismissal of those paragraphs.

We have heretofore quoted the trial court's finding of fact on the "conspiracy" charge.

Close scrutiny convinces this Court that the trial court's finding of fact is substantially justified by the record. We shall therefore not disturb it. Asher v. Hartlage, Ky., 336 S.W.2d 335; Morris v. Morris, Ky., 336 S.W.2d 548; Keeling v. Minton, Ky., 339 S.W.2d 464.

We find no error. The judgment is therefore affirmed.